IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Case No. 09-cv-00680-WDM-BNB

JOSHUA JACKSON,

      Plaintiff,

  v.

DIVERSIFIED COLLECTION SERVICES, INC.,

      Defendant.

_____

## ORDER ON DAMAGES
_____

This matter was tried to a jury on May 10, 11 and 12, 2010, with Plaintiff claiming Defendant violated the Fair Debt Collection Practices Act (FDPCA) in ten different ways. Immediately prior to trial the Defendant Stacey L. Key was dismissed with prejudice by stipulation and Plaintiff withdrew his claims for actual damages pursuant to 41 U.S.C. § 1692k(a)(1). At the close of evidence and on Defendant's motion pursuant to Fed. R. Civ. P. 50, I concluded as a matter of law that no reasonable jury could find for the Plaintiff on Plaintiff's following claims: use of misrepresentation in violation of § 1692e; false representation in violation of § 1692e(2)(A); representation concerning garnishment in violation of § 1692e(4); threats of action which could not legally be taken in violation of § 1692e(5); use of false representations or deceptive means in violation of 1692e(10) and use of unfair or unconscionable means in violation of § 1692f.

PDF FINAL

The jury returned a verdict finding that Defendant had violated § 1692c(a)(1) of the FDCPA by communicating with Plaintiff at a place known or should have been known to be inconvenient to him and § 1692d of the FDCPA by engaging in conduct, the natural consequences of which was to harass, oppress or abuse a person. In so concluding the jury also found that the Defendant had not proved its defense of *bona fide* error. The jury found that the Defendant had not violated § 1692c(a)(3) of the FDCPA by communicating with Plaintiff at his place of employment when Defendant knew or should have been known that such communication was prohibited by the employer.

Plaintiff now requests that I award statutory damages of up to the maximum allowed $1,000 pursuant to 41 U.S.C. § 1692k(a)(2)(A). This award should be based upon, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Section 1692k(b)(1). The evidence indicates that the Defendant started collection efforts in mid-November, 2008, by searching for telephone numbers and addresses and the mailing collection letters. Exhibit 1. These contact efforts were unsuccessful until February, 2009, when Plaintiff refused to pay. Further contacts resulted in disclosure of work numbers 719-546-2227 which was provided by Plaintiff. ¶ 22 of Stipulated Facts. Instruction No. 2. *Id* at 4. There were about five calls to that number in late February and early March, 2009, with only two or three actual conversations between Plaintiff and the Defendant's representative. Otherwise the calls were answered by fellow employees or his supervisor, who told the

representative to return the call the next day when Plaintiff would be present.  There was evidence that Plaintiff told Defendant's representative not to call him at work but there is also evidence that Plaintiff initiated calls.  There is no evidence of use of abusive or profane language and, other than the persistent and repetitive efforts to collect the funds, the evidence of any abusive conduct was minimal at worst.  Although the Plaintiff indicated some belief that the Defendant was somehow deceptive or unfair in referencing the creditor's right to garnish wages on a student loan, there was extensive evidence that the Defendant followed procedures established to conform collection practices to the requirements of the FDCPA and the Higher Education Act, 20 U.S.C. § 1070..

Nevertheless, accepting the jury's apparent conclusion that the contacts at work were inconvenient and harassing, the actual contacts were limited in number and duration.  Given that Plaintiff furnished Defendant with his work number and his supervisor invited Defendant to contact Plaintiff at work the next day, it is unclear when the contact was noncomplying under the FDCPA.  Under these circumstances I conclude the noncompliance was not frequent, unduly persistent or intentional to merit significant damages pursuant to § 1692k(b)(1). There is no evidence of any consequential harm as a result of the collection practices and in fact the Plaintiff remains employed with the same employer.  Indeed, the absence of real damage is confirmed by the Plaintiff's withdrawal of actual damage claims.  Under these circumstances, the evidence of abuse, deception or unfairness sought to be prevented by the FDCPA (*see* § 1692) is minimal and merits only a meager damage award.

Accordingly, it is ordered:

1. Plaintiff is awarded statutory damages of $10.00;

2. all pending motions are dismissed as moot; and

3. Plaintiff may have his costs.

DATED at Denver, Colorado, on May 13, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge