IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00680-WDM-BNB

JOSHUA JACKSON,

Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC., a California corporation,

Defendant.

---

**MOTION FOR AN ORDER FINDING THAT CERTAIN OF PLAINTIFF'S CLAIMS WERE FILED IN BAD FAITH AND FOR THE PURPOSE OF HARASSMENT**

---

COME NOW the Defendant, Diversified Collection Services, Inc. ("DCS" or "Defendant") by and through its counsel, Adam L. Plotkin, P.C., and asks this Court for an Order Finding That Certain of Plaintiff's Claims Were Filed in Bad Faith and for the Purpose of Harassment (this "Motion"), and in support thereof, state as follows:

## I.   INTRODUCTION

Plaintiff filed his original Complaint in this case on March 26, 2009. Plaintiff then filed his Amended Complaint on August 19, 2009. The parties were unable to reach a settlement and the case proceeded to trial on May 10, 2010. On the morning of trial, Plaintiff withdrew any claim for actual damages and dismissed Stacey L. Key as a named Defendant. At the conclusion of the evidence, this Court ruled that no reasonable jury could find for Plaintiff on his claims that Defendant violated §1692e; §1692e(2)(A); §1692e(4); §1692e(5); 1692e(10); and §1692f, and dismissed those claims as a matter of law. The remaining three claims were decided by the jury.

The jury returned an inconsistent verdict finding that Defendant violated §§ 1692c(a)(1) and 1692d, but had not violated §1692c(a)(3).  As Defendant had earlier waived his claim to actual damages, this Court was left to determine what statutory damages, if any, should be awarded.  On May 13, 2010, this Court provided an Order on Damages which contained a detailed analysis of the factors listed in §1692k(b)(1) and determined the conduct warranted nothing more than a "meager damage award" and awarded Plaintiff Ten Dollars ($10.00) in statutory damages and costs.  See, Docket No. 106.  Judgment was entered on May 21, 2010.  Plaintiff filed a Motion to Alter or Amend Judgment on May 26, 2010.

## II.    ARGUMENT

### A.    Bad Faith and Harassment

As stated above, Plaintiff filed his original Complaint in this case on March 26, 2009, and then filed his Amended Complaint on August 19, 2009.  In both his Complaint and Amended Complaint, Plaintiff alleged violations of §§1692d(2)(use of obscene or profane language); 1692e(3)(communication from an attorney); 1692e(7)(implication consumer committed crime); and 1692e(11)(failure to disclose debt collector is attempting to collect a debt).  Plaintiff had no evidence or rational basis for these allegations.

The original discovery cut-off date was August 14, 2009.  After Plaintiff filed his Amended Complaint, the discovery cut-off deadline was October 14, 2009.  All depositions were completed by October 8, 2009.  Plaintiff never received any evidence to support the alleged violations above.  Plaintiff had ample opportunity to notify Defendant and the Court of his intent to withdraw these allegations but never did so.  A pre-trial conference was held on December 9, 2009, but Plaintiff failed to withdraw the claims.  A settlement conference was held on February 16, 2010, but Plaintiff failed to withdraw the claims.  A trial preparation conference was held on

May 4, 2010, but Plaintiff still failed to withdraw his claims.  Finally, on May 6, 2010, only days before the trial was to commence Plaintiff withdrew the allegations.  In fact, it was only after Defendant received Plaintiff's proposed jury instructions and noticed the omission of a jury instruction for the above allegations and requested guidance from the Court that Plaintiff reluctantly admitted he had no intention of proceeding on those claims.  Defendant was forced to spend months and countless hours preparing a defense to claims Plaintiff had no evidence to support and had no intention on litigating.  Among the unnecessary work Defendant was required to perform includes: preparation of proposed jury instructions; researching for and drafting a trial brief; deposition preparation; witness preparation; and trial arguments for allegations that should have been withdrawn months prior.  Plaintiff wasted the time and resources of Defendant and should be held responsible.

A consumer's allegations must reflect the facts of the case.  Courts have held when a consumer alleges a large number of FDCPA violations and many are dismissed before trial, a debt collector may receive attorney fees.  See, Terran v. Kaplan, 109 F.3d 1428, 1434-35 (9th Cir. 1997); Lee v. Thomas & Thomas, 109 F.3d 302 (6th Cir. 1997); Guidry v. Clare, 442 F.Supp. 2d 282 (E.D. Va. 2006); and Argentieri v. Fisher Landscapes, Inc., 15 F.Supp. 2d 55 (D. Mass 1998).

Also, as stated above, all of Plaintiff's allegations surrounding garnishment were dismissed by the Court as a matter of law at the conclusion of the evidence.  Plaintiff himself testified that he was told his account "would be put in for garnishment".  Clearly, Plaintiff had no evidence to support his garnishment claims.  Garnishment was not only permissible but required under the Higher Education Act.  Plaintiff's claims that Defendant made a false threat regarding garnishment were ridiculous and completely unsupported by any evidence.  Plaintiff was aware

of the facts, yet he continued to assert false allegations.  These actions constitute bad faith, were done solely for the purpose of harassment, and constitute the textbook definition of vexatious litigation.

Finally, in addition to unfounded allegations, Plaintiff alleged actual damages in this case.  Again, all the evidence showed Plaintiff sustained no actual damages.  Plaintiff responded to interrogatories and questions by asserting that he was seeking $25,000 in actual damages.  Plaintiff asked for this amount with no medical testimony and no proof of any damages other than his own self-serving testimony.  Plaintiff's actions required Defendant to spend countless hours conducting discovery on Plaintiff's claimed actual damages, briefing the issue, preparing a defense for trial against the actual damages claim,  only to then see Plaintiff drop the claim on the morning of trial.  In fact, Defendant offered Plaintiff over four times the maximum amount he could receive through statutory damages.  If Plaintiff suffered no actual damages, there was no reason for this case not to settle other than Plaintiff's desire to collect additional attorneys' fees.  Plaintiff's directing this case towards trial for the sole purpose of attorneys' fees was vexatious, done in bad faith, and for the sole purpose of harassment.

### III.  Attorney Fees

Plaintiff filed fourteen claims in this case.  Five were dismissed at the final pre-trial conference just days before trial.  Six were dismissed by the Court at the conclusion of evidence.  One was dismissed by the jury.  Plaintiff also withdrew his claim for actual damages and removed Ms. Key as a named Defendant on the morning of trial.  Section 1692k(a)(3) allows a Court to award proportionate attorney fees to Defendants when the allegations filed by Plaintiffs are done in bad faith and for the purpose of harassment.  Fed. R. Civ. P. 11(b) prevents a filing for an improper purpose or to needlessly increase the costs of litigation.  28 U.S.C. 1927 prevents

an unreasonable and vexatious multiplication of proceedings.   Plaintiff's claims added unnecessary work for unreasonable allegations. Defendant asks this Court to issue an Order finding Plaintiff's unsuccessful twelve claims filed in bad faith and for the purpose of harassment; needlessly increasing the costs of litigation and unreasonable and vexatious. Defendant also asks this Court for leave to file a Fee Petition for any and all claims this Court finds to be file in bad faith and for the purpose of harassment.  Defendant will have to separate and identify specific time dedicated to each claim, including actual damages, and requests additional time to prepare such a Fee Petition.

WHEREFORE, Plaintiff had over a year to collect evidence and (1) waited until the last possible moment to withdraw what he knew to be allegations that had no evidence to support them; (2) proceeded on claims that he knew to be false; (3) withdrew actual damages and a named Defendant on the morning of trial; and (4) rejected offers for more than triple the maximum amount he could obtain for statutory damages, pushing a case for the sole purpose of attorneys' fees.  Defendant requests this Court find Plaintiff's actions to be in bad faith and for the purpose of harassment; grant Defendant leave to file a Fee Petition for attorneys' fees and for other such relief as the Court deems proper.

Dated:  June 4, 2010.

Respectfully submitted,

ADAM L. PLOTKIN, P.C.
s/ Joseph J. Lico

By: _____

**Joseph J. Lico**
621 Seventeenth Street, Suite 2400
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: jlico@alp-pc.com
Attorneys for Defendants

## <u>Certificate of Service</u>

I hereby certify that on June 4, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

larsonlawoffice@gmail.com.

By:     s/ Joseph J. Lico

**Joseph J. Lico**
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: jlico@alp-pc.com