IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 09-cv-00680-WDM-BNB

JOSHUA JACKSON,

    Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC., a California corporation,

    Defendant.

---

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER FINDING THAT CERTAIN OF PLAINTIFF'S CLAIMS WERE FILED IN BAD FAITH AND FOR THE PURPOSE OF HARASSMENT

---

COMES NOW the Plaintiff, Joshua Jackson, by and through his undersigned counsel, and submits the following response to Defendant's Motion for An Order Finding that certain of the Plaintiff's claims were filed in bad faith and for the purpose of harassment and states as follows:

1. On March 26, 2009 Plaintiff Joshua Jackson filed this action alleging the Defendant violated the FDCPA.

2. The case proceeded to trial by jury on May 10, 2010. The jury found that the Defendant violated the FDCPA finding specifically that the defendant violated the FDCPA by acting against the prohibitions contained in subsection 1692c(a)(1) and 1692d. 1692d prohibits a debt collector from engaging in any practice the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

3.  After accepting the jury's verdict the court awarded statutory damages in favor of the Plaintiff for Defendant's violation of the FDCPA.

4.  Despite the jury's finding that the Defendant violated the FDCPA, the Defendant now request the court to find that Plaintiff's lawsuit was brought in bad faith and for purpose of harassment.

5.  15 U.S.C. § 1692k(a)(3) states:

> In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

6.  The United States Court of Appeals for the Seventh Circuit held in <u>Horkey v. J.V.D.B. & Associates, Inc.</u>, 333 F.3d 769 (7th Cir. 2003) held that in order to establish that an action is brought in bad faith and for harassment the Defendant must show that the entire lawsuit, not just specific claims, was brought in bad faith and for the purposes of harassment.

> "For J.V.D.B. to prevail, it would have to establish that Horkey's "action" was brought in bad faith and for harassing purposes. 15 U.S.C. § 1692k(a)(3). An "action" "in its usual legal sense means a lawsuit brought in a court." Black's Law Dictionary 28 (6th ed.1990). Thus, J.V.D.B. must show that Horkey's entire lawsuit, and not just her claim under § 1692c(b), was brought in bad faith and to harass J.V.D.B. <u>Horkey</u> at 775."

7.  Defendant has offered no evidence t that the claim brought by the Plaintiff was brought in bad faith and for the purpose of harassment.

> "there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with the purpose of harassing the defendant." <u>Gorman v. Wolpoff & Abramson, LLP</u>, 435 F.Supp.2d 1004, 1013 (N.D.Cal.2006).

2

8. The opposite was shown by the jury in this case which found for the Plaintiff and found that the Defendant had violated the FDCPA.

9. The Defendant did not make a claim for attorney fees, for a finding that certain of the Plaintiff's claims were filed in Bad Faith and for the Purpose of Harassment, for sanctions under Fed.R.Civ.P. 11(b) or for sanctions under 28 U.S.C. § 1927 in the Final Pretrial Order entered by the Court on December 22, 2009. (Court Docket Entry # 47).

10. The Defendant first asserted these claims to Plaintiff's counsel after the trial was completed when Plaintiff's counsel called Defendant's counsel to confer on the Plaintiff's Motion for Attorney's Fees. Defendant's counsel informed Plaintiff's counsel that the Defendant opposed any award of attorney's fees to the Plaintiff and that if Plaintiff sought attorney's fees that the Defendant would seek its attorney's fees.

11. The Defendant failed to present these claims in a timely fashion so that discovery could be conducted regarding these new claims.

12. The Defendant should not be allowed to present new claims after the Trial is completed as the Plaintiff is prejudiced by not being able to conduct discovery on the new claims.

13. The Defendant does not cite to any case that authorizes the award of attorney's fees or sanctions under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927 or Fed.R.Civ.P. 11(b) for withdrawing a claim of actual damages in an FDCPA case.

14.     The Defendant does not cite to any case that authorizes the award of attorney's fees or sanctions under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927 or Fed.R.Civ.P. 11(b) for dismissing a Defendant on the morning of trial under an FDCPA case.

15.     The Defendant refused to stipulate in the Final Pretrial Order that former defendant Stacey L. Key was acting in the course and scope of her employment during her interactions with the Plaintiff. Plaintiff agreed to dismiss her as a defendant in this action on the first day of trial if the Defendant would agree that she was acting in the course and scope of her employment during her interactions with the Plaintiff. The Defendant agreed and Ms. Key was dismissed by the Court.

16.     The Defendant could have avoided Ms. Key being named as a party by admitting that she was acting in the course and scope of her employment in the first place. The Defendant's answer (which is also the answer of Ms. Key, a defendant at the time) to the Amended Complaint denies that the representatives and / or collectors including Key at the Defendant were acting within the course and scope of their employment at all times mentioned in the Complaint. **See**, paragraph 107 in the Amended Complaint and the Defendant's Answer to the Amended Complaint.

17.     The Defendant and Ms. Key's denial in the Amended Answer that Ms. Key was acting in the course and scope of her employment of the Defendant at all

times mentioned in the Complaint forced the Plaintiff to involve Ms. Key as an individual Defendant.

18.     The Defendant did not confess to liability and / or statutory damages when the Plaintiff withdrew the actual damages claim and forced the case to go trial over liability, statutory damages of up to $1,000.00, reasonable attorney's fees and costs.

19.     The Defendant's position regarding liability in this case is clear from their position in the Final Pretrial Order. "However, Defendants adamantly dispute that Plaintiff will be able to establish that Defendants violated the FDCPA in this case and deny that they caused any injury or damage to the Plaintiff." Court Docket Entry # 47, Section 3B, page 3, ll. 12 – 14.

20.     The Defendant's Motion essentially claims that because Plaintiff was only seeking liability against the Defendant and up to $1,000.00 in statutory damages as well as attorney's fees and costs at trial that the Plaintiff's claim was brought in bad faith and for harassment and the Plaintiff would be liable for the Defendant's attorney's fees under any of three avenues. As the Defendant's section in the Final Pretrial Order makes clear the Defendant was adamantly denying liability and the award of any damages to the Plaintiff. The Defendant never offered to admit to liability or statutory damages in this case at any stage of this litigation. The Defendant never made an Offer of Judgment pursuant to Fed.R.Civ.P. 68 in this case. The Defendant cannot argue that the Plaintiff's claim was brought in bad faith, for the purpose of harassment and constitutes

vexatious litigation when the Defendant refused to admit the very things that the Plaintiff achieved via trial – liability, statutory damages, costs and attorney's fees for which a motion has been filed - that the Defendant refused to offer at any point in this case.

21.     The Defendant's argument that because the Plaintiff did not proceed on certain claims and because the Judge dismissed some of the FDCPA violations that were included in the Plaintiff's FDCPA claim against the Defendant via Fed.R.Civ.P. 50(a) Motions that the Defendant is entitled to a finding of bad faith and harassment and attorney's fees under or all of its claimed avenues is without merit and Defendant does not cite to any cases to support this argument.

22.     The Defendant cites to 4 cases that it says support its theory that "Courts have held when a consumer alleges a large number of FDCPA violations and many are dismissed before trial, a debt collector may receive attorney fees." The cases cited by the Defendant do not support the Defendant's theory.

23.     Terran v. Kaplan, 109 F.3d 1428 (9th Cir. 1997) is not applicable to this case as the Court in *Terran* found that the decision to impose Fed.R.Civ.P. 11 sanctions was not an abuse of discretion based on evidence in the record that a reasonable inquiry had not been done before Terran filed his claims with the Court. Unlike in the *Terran* case, in the instant case there has been no evidence presented that a reasonable inquiry pursuant to Fed.R.Civ.P. 11 was not completed prior to when the Plaintiff's claim against the Defendant was filed with

the Court. The Court in *Terran* also found that no FDCPA violation had occurred, unlike the Jury's determination in the instant case.

24. <u>Lee v. Thomas & Thomas</u>, 109 F.3d 302 (6th Cir. 1997) is not applicable to this case as, contrary to the Defendant's assertions, this case does not address a debt collector receiving attorney fees at all. It addresses a FDCPA Plaintiff's attorney's fees award.

25. <u>Guidry v. Clare</u>, 442 F. Supp.2d 282 (E.D.Va. 2006) is not applicable to this case because unlike in the instant case all of the Plaintiff's state law claims were dismissed with prejudice by agreement and all of the Plaintiff's remaining claims were dismissed by the Court pursuant to Fed.R.CIv.P. 12 and 56. Guidry was not successful on her FDCPA claim like the Plaintiff was in the instant case.

26. <u>Argentieri v. Fisher Landscapes, Inc.</u>, 15 F. Supp.2d 55 (D.Mass. 1998) is not applicable to the this case because unlike in the instant case summary judgment was granted in favor of the Defendant on the Plaintiff's federal claim and the Plaintiff's pendant state law claims were dismissed for lack of supplemental jurisdiction. Argentieri was not successful on his FDCPA claim like the Plaintiff was in the instant case.

27. The Defendant does not cite to any cases or authority which support its theory that a Defendant can receive attorney's fees from the Plaintiff under any of the three avenues claimed by the Defendant when the Plaintiff's claim is successful as in the instant case.

28.     The Defendant does not cite to any cases or authority which support its theory that a Defendant is entitled to receive a finding of bad faith and that the case was filed for the purpose of harassment when the Plaintiff's claim is successful as in the instant case.

29.     The United States Court of Appeals for the Seventh Circuit held in <u>Horkey v. J.V.D.B. & Associates, Inc.</u>, 333 F.3d 769 (7th Cir. 2003) held that in order to establish that an action is brought in bad faith and for harassment the Defendant must show that the entire lawsuit, not just specific claims, was brought in bad faith and for the purposes of harassment.

> For J.V.D.B. to prevail, it would have to establish that Horkey's "action" was brought in bad faith and for harassing purposes. 15 U.S.C. § 1692k(a)(3). An "action" "in its usual legal sense means a lawsuit brought in a court." Black's Law Dictionary 28 (6th ed.1990). Thus, J.V.D.B. must show that Horkey's entire lawsuit, and not just her claim under § 1692c(b), was brought in bad faith and to harass J.V.D.B. <u>Horkey</u> at 775.

30.     The Defendant has not provided any caselaw or authority to support its position that it is entitled to a finding that the case was brought in bad faith and for the purposes of harassment and that it is entitled to an award of attorney's fees when the Plaintiff was ultimately successful in this action and the Jury found that the Defendant violated the FDCPA.

31.     The Defendant's claim that this case is all about attorney's fees as the Defendant offered Plaintiff over four times the maximum amount he could receive through statutory damages is without merit and does not account for the costs and attorney's fees incurred by the Plaintiff at the time that offer was made. The offer that the Defendant is referring to is for $3,500.00 and it was made via letter

from the Defendant on April 5, 2010. At the time this offer was made the Plaintiff's costs were in excess of $5,000.00 and his attorney's fees were in excess of $20,000.00.

32. The Defendant steadfastly refused to admit liability or damages in this case and did not admit to liability and statutory damages when actual damages were withdrawn before the trial began. The Defendant was always able to admit to liability and damages and chose not to and now after a 2 day jury trial and a day of deliberations by the jury that found that the Defendant did in fact violate the FDCPA the Defendant now asserts that this case is all about attorney's fees. This argument by the Defendant is without merit.

33. Defendant's request for leave to file a fee petition is also without merit. Defendant's own motion admits that the Defendant did not keep contemporaneous time records in this case and will now have to go back and reconstruct its billing to separate and identify specific time dedicated to each claim. The Defendant does not explain how its counsel intends to go back and retroactively recreate its time records. This suggestion of retroactively recreating time records is particularly troubling when the vast majority of the work done for Defendant on this case, including all discovery, was done by Sara A. Green, Esq. who is no longer employed by the Defendant's counsel and that Defendant's current counsel Joseph J. Lico, Esq. only became involved on April 5, 2010 a little over a month before the case went to trial.

34. The Defendant's Motion is without merit, the Defendant has presented no

evidence to support its motion and provided no caselaw or basis for the Court to enter an Order finding that the Plaintiff's FDCPA claim was brought in bad faith and for purposes of harassment or to award the Defendant any attorney's fees under any basis.

WHEREFORE the Plaintiff respectfully requests that the Court deny the Defendant's Motion.

Respectfully submitted this 24th day of June, 2010.

 s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, Colorado 80903
Telephone: (719) 473-0006
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2010, I electronically filed the foregoing Plaintiff's Response to Defendant's Motion to Defendant's Motion for An Order Finding that certain of Plaintiff's claims were filed in bad faith and for the purpose of harassment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    jlico@alp-pc.com,
    rickwynkoop@yahoo.com

    s/ David M. Larson_____