IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 09-cv-00680-WDM-BNB

JOSHUA JACKSON,

   Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC., a California corporation,

   Defendant.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW the Plaintiff, Joshua Jackson, by and through his undersigned counsel, and submits the following Reply to Defendant's Response to Plaintiff's Motion to Alter or Amend Judgment and states as follows:

1.   15 U.S.C. § 1692k(a)(3) states:

   In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

2.   The United States Court of Appeals for the Third Circuit in Graziano v. Harrison, 950 F.2d 107 (3rd Cir. 1991) held that the FDCPA mandates an award of attorney's fees in a successful action. "the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be

enforced by debtors acting as private attorneys general." *Graziano,* 950 F.2d at 113.

3. Numerous Federal Courts across the country have followed the reasoning in Graziano and found that the FDCPA mandates an award of attorney's fees in cases where Plaintiffs succeed in proving that the Defendants violated the FDCPA. See, *Weiss v. Regal Collections,* 385 F.3d 337, 345 (3rd Cir. 2004), Valencia v. The Affiliated Group, 674 F.Supp.2d 1300, 1303 – 1304 (S.D.FL. 2009) and *Rivera v. Corporate Receivables, Inc.*, 540 F.Supp.2d 329, 336.

4. The United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 held:

> A typical formulation is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."

5. In the instant case the Jury determined that the Defendant violated the FDCPA in its interactions with the Plaintiff and the Plaintiff was awarded statutory damages.

6. The Plaintiff is the prevailing party in this case and is entitled to attorney fees under the reasoning set forth by the United States Supreme Court in the *Hensley* case because the Plaintiff succeeded in reaching a jury verdict that the Defendant violated the FDCPA and was awarded statutory damages which was a significant issue in this litigation as the Defendant had vigorously denied liability and damages and the Plaintiff achieved some of the benefit the Plaintiff sought in

bringing the suit by receiving a determination from the Jury that the Defendant's conduct violated the FDCPA and by receiving an award of statutory damages as a result of the Defendant's violations of the FDCPA.

7.     The Defendant's argument that the amount of the damages awarded the Plaintiff negates his ability to receive attorney's fees is without merit. The Defendant refused to admit liability or any damages and forced this case to trial. The jury found that the Defendant violated the FDCPA. The Plaintiff is the prevailing party in this case and is entitled to attorney fees in accordance with the *Hensley* case.

WHEREFORE the Plaintiff respectfully requests that the Court grant the Plaintiff's Motion to Alter or Amend the Judgment to add to the Judgment that the Plaintiff is entitled to reasonable attorney's fees from the Defendant.

Respectfully submitted this 24th day of June, 2010.

 s/ David M. Larson  
David M. Larson, Esq.  
405 S. Cascade Avenue, Suite 305  
Colorado Springs, Colorado 80903  
Telephone: (719) 473-0006  
Attorney for Plaintiff  

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2010, I electronically filed the foregoing Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Alter or Amend Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

jlico@alp-pc.com,  
rickwynkoop@yahoo.com  

 s/ David M. Larson