IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00680-WDM-BNB

JOSHUA JACKSON,

    Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC., a California corporation,

    Defendant.

---

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER FINDING THAT CERTAIN OF PLAINTIFF'S CLAIMS WERE FILED IN BAD FAITH AND FOR THE PURPOSE OF HARASSMENT**

---

COMES NOW the Defendant, Diversified Collection Services, Inc. ("DCS" or "Defendant") by and through its counsel, Adam L. Plotkin, P.C., and submits the following Reply to Plaintiff's Response to Defendant's Motion for an Order Finding That Certain of Plaintiff's Claims Were Filed in Bad Faith and for the Purpose of Harassment (this "Reply"), and in support thereof, states as follows:

## I. INTRODUCTION

Defendant filed its Motion for an Order Finding that Certain of Plaintiff's Claims were filed in Bad Faith and for the Purpose of Harassment (Defendant's "Motion") on June 4, 2010. (Docket No. 113). Plaintiff filed his Response to Defendant's Motion on June 24, 2010. (Docket No. 118). As set forth in Defendant's Motion, and below, Plaintiff's course of conduct in this case warrants a finding that: 1) a majority of Plaintiff's claims and Plaintiff's claim for actual damages were brought in bad faith and for the purpose of harassment in violation of 15 U.S.C. § 1692k(a)(3); 2) Plaintiff's counsel violated Fed.R.Civ.P. 11; and 3) Plaintiff's counsel

violated 28 U.S.C. §1927. Accordingly, Defendant respectfully requests that this Court issue appropriate sanctions and grant Defendant leave to file a petition for attorneys' fees.

## II. ARGUMENT

### A. 15 U.S.C. § 1692k(a)(3)

As stated in Defendant's Motion, Plaintiff filed his original Complaint in this case on March 26, 2009. Plaintiff filed an Amended Complaint on August 19, 2009. In both his Complaint and Amended Complaint, Plaintiff alleged violations of §§1692d(2)(use of obscene or profane language); 1692e(3)(communication from an attorney); 1692e(7)(implication consumer committed crime); and 1692e(11)(failure to disclose debt collector is attempting to collect a debt). Plaintiff had no evidence or rational basis for these allegations.

Section 1692k(a)(3) of the FDCPA provides, in pertinent part:

> …On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).

While the Tenth Circuit has not had the opportunity to analyze the meaning of "bad faith" for purposes of section 1692k(a)(3), District Courts throughout the country, including District Courts in this Circuit, have recognized that "bad faith" under the FDCPA is determined using an objective standard, rather than a subjective one. That is, courts will not find "bad faith" if a plaintiff has a colorable argument in support of his or her claim. See, Benner v. Negley, 725 F.2d 446, 449 (7th Cir. 1984); Dean v. Gillette, 2005 U.S. Dist. LEXIS 25604, (D. Kan. Oct. 27, 2005); Romea v. Heiberger & Assocs., 988 F. Supp. 712, (S.D.N.Y. 1997)(Defendant awarded attorney fees because Plaintiff was unable to make a color argument); Strange v. Armor Sys.

Corp., 2004 U.S. Dist. LEXIS 88, 2004 WL 46244, at *2 (N.D. Ill. Jan. 7, 2004) (no bad faith where plaintiff offered enough legal argument to suggest that his claim was colorable).

Plaintiff has not made a colorable argument as to any of the claims that were asserted up until the eve of trial and then withdrawn; nor has he made one in regards to his actual damages claim which was withdrawn the morning of trial.  In fact, Plaintiff has made no argument at all.  Plaintiff has never explained to the Court or defense counsel why Plaintiff continued to assert his claims under §§1692d(2), 1692e(3), 1692e(7), and 1692e(11) up until the final Trial Preparation Conference on May 6, 2010.  Finally, at the final Trial Preparation Conference four claims were abandoned by Plaintiff without any explanation other than Plaintiff's counsel's off-hand remark that defense counsel should "assume" that Plaintiff was no longer pursuing claims that were not included in Plaintiff's proposed jury instructions.  Plaintiff utterly fails to even address the abandonment of these claims on the eve of trial.

Rather than explain the reasons Plaintiff pursued meritless claims up until the morning of trial, Plaintiff relies on a Seven Circuit decision, Horkey v. J.V.D.B. & Associates, Inc., 333 F.3d 769 (7th Cir. 2003), for the proposition that the Court must find that Plaintiff's entire lawsuit was brought in bad faith in order to assert fees and costs under § 1692k(a)(3). See, Response ¶¶ 6 and 7.  Plaintiff fails to notify this Court that the Tenth Circuit has neither adopted nor followed the Horkey court's interpretation of §1692k(a)(3).  Moreover, even the Horkey Court itself admitted that there was no authority upon which to invoke its interpretation of  "bad faith" under § 1692k(a)(3), prefacing its holding by stating: "…we have not had occasion to delineate what constitutes a lawsuit brought in bad faith and for the purpose of harassment under §1692k(a)(3)…" Horkey, at 775.

In addition, Horkey is factually inapposite. In Horkey, the plaintiff asserted four claims for relief. The plaintiff obtained summary judgment in her favor with respect to three of her four claims. The remaining claim proceeded to trial and the defendant prevailed. The defendant requested attorneys' fees based upon its success in defending the final claim. The court denied the defendant's request for attorneys' fees, stating: "… we are confident that no sound concept of such a suit could encompass an action in which the plaintiff wins summary judgment on three of her four asserted claims **and has a colorable argument as to the claim on which she ultimately did not prevail**." Horkey, at 775 (emphasis added). Courts have found that the holding in Horkey is limited to the factual circumstances addressed in that case. "The court in Horkey v. J.V.D.B. didn't define 'bad faith' for the purposes of Section 1692k(a)(3), but it stated that the definition doesn't include an 'action in which the plaintiff wins summary judgment on three of her four asserted claims and has a colorable argument as to the claim on which she did not prevail.'" Kaiser v. Braje & Nelson, LLP, 2006 U.S. Dist. LEXIS 97825 (N.D. Ind. May 5, 2006).

In this case, unlike in Horkey, Plaintiff withdrew four of his claims just days before trial, withdrew a Defendant the morning of trial, withdrew actual damages the morning of trial, and lost six claims as a matter of law after all the evidence was presented. At no time has Plaintiff presented to this Court any argument, much less a colorable one, to explain why these claims were brought forward to the very end.

The original discovery cut-off date was August 14, 2009. After Plaintiff filed his Amended Complaint, the discovery cut-off deadline was extended to October 14, 2009. All depositions were completed by October 8, 2009. Plaintiff's first deposition was taken on July 22, 2009. No evidence was presented during the course of discovery which could support

4

Plaintiff's claim for actual damages, the four claims dismissed by Plaintiff days before trial or the six that were dismissed as a matter of law during trial. Plaintiff argues that Defendant has provided no evidence that the claim was brought in bad faith and for the purpose of harassment and cites Gorman v. Wolpoff & Abramson, LLP, 435 F. Supp.2d 1004 (N.D.Cal. 2006) in support of this proposition. See, Response ¶7. Plaintiff is either living in denial or has a complete misunderstanding as to the facts and procedures of this case, as Plaintiff's entire conduct in pursuing meritless claims and actual damages (with no colorable basis in law or fact to do so) up until the day of trial is the very evidence Plaintiff says is lacking.

Plaintiff's deposition was taken in July 2009. The original discovery cut-off was in August 2009. When Plaintiff amended his Complaint, the discovery cutoff was extended to October 14, 2009. Accordingly, by the end of October, 2009 all witnesses had been deposed, and all written discovery was complete. A final pretrial conference was held on December 9, 2009, and then a second final pretrial conference took place on December 22, 2009. A final pretrial order was entered on December 22, 2009, in which Plaintiff continued to assert meritless claims and $25,000.00 in actual damages. See, Docket No. 47. A settlement conference was held on February 16, 2010. A trial preparation conference was held on May 4, 2010, and continued to May 6, 2010. Plaintiff had seven months and five court dates in which he could have withdrawn his actual damages claim, Ms. Key as a Defendant and any of the ten claims ultimately withdrawn or dismissed as a matter of law. In fact, but for defense counsel's question about what was believed to be missing jury instructions, Plaintiff may never have told Defendant of his intent to withdraw four of his claims.

Discovery closed on October 14, 2009. Nothing changed in the seven months from when discovery closed to when this case proceeded to trial. Plaintiff was aware of all the

evidence which would support or refute his claims and alleged actual damages no later than October 14, 2009, yet failed to withdraw the ten claims, the actual damages claim and remove Ms. Key as a defendant.  Plaintiff knew he had no evidence to support the above-mentioned claims, but nonetheless continued to assert four of the thirteen (13) claims up until days before trial, and continued to assert an additional six claims at trial.  Defendant was forced to spend months and countless hours preparing a defense to claims Plaintiff had no evidence to support and had no intention on litigating.  The only rational conclusion for such behavior was Plaintiff's intent to harass Defendant.

### B.  Rule 11

Fed.R.Civ.P. 11 imposes a duty on attorneys to certify that representations made to the court are not being presented for an improper purpose such as to harass (Rule 11 (b)(1)) and that the factual allegations have evidentiary support (Rule 11 (b)(3)).  Plaintiff's counsel has failed on both fronts and should be sanctioned accordingly.  "Rule 11 sanctions are not tied to the outcome of litigation; the relevant inquiry is whether a specific filing was, if not successful, at least well founded."  Bus. Guides, Inc. v. Chromatic Communs. Enters., 498 U.S. 533, 553 (1991).

Plaintiff can make only one of two arguments in defense of his conduct, both of which lead to the inescapable conclusion that Plaintiff violated either Rule 11(b)(1) or Rule 11(b)(3). On the one hand, Plaintiff may argue he performed adequate due diligence to determine the evidentiary support of the allegations and claims.  Under this approach, if Plaintiff had truly performed any due diligence, then clearly he knew there was no evidentiary support and filed the documents for the sole purpose of increasing costs and fees for Defendant.  In this scenario, Plaintiff satisfies Rule 11 (b)(3) but not Rule 11 (b)(1).

Clearly, the sole reason to continue to proceed in this fashion was to harass Defendant violating Rule 11 (b)(1). "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Plaintiff cannot present (and has not presented) any argument to show any legal or factual support for the claims presented and ultimately either withdrawn or dismissed, nor has Plaintiff shown that such claims were asserted for any reason other than to harass Defendant, violating Rule 11 (b)(1).

On the other hand, the only other plausible explanation is that counsel for Plaintiff did not make any determination as to the lack of factual or legal support for his claim for actual damages or his claims under §§1692d(2), 1692e(3), 1692e(4), 1692e(7), and 1692e(11) until days before trial. While this argument might allow Plaintiff to survive a sanction under Rule 11(b)(1), it fails under Rule 11(b)(3). "A complaint containing allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions." In re Kunstler, 914 F. 2d 505, 516 (4th Cir. 1990).

Plaintiff filed an Amended Complaint in August 2009. Plaintiff was deposed on July 22, 2009. Plaintiff's Amended Complaint was filed nearly six months after the first Complaint. Counsel for Plaintiff had ample opportunity to review his prior claims and his claimed actual damages. "This Circuit has adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." Adamson v. Bowen, 855 F. 2d 668, 673 (10th Cir. 1988). The filing of the Amended Complaint six months after the original Complaint and after Plaintiff had been deposed, while continuing to make the same claims and seeking actual

7

damages can in no way be deemed reasonable. "Rather, it [Fed.R.Civ.P. 11] states unambiguously that any signer must conduct a 'reasonable inquiry' or face sanctions." Bus. Guides, Inc., at 548.

Plaintiff argues that Defendant refused to admit liability and forced this case to go to trial. See, Response ¶18. Plaintiff's argument on this accord fails miserably. If counsel for Plaintiff performed even the simplest due diligence as required by Rule 11, he would have understood that there was simply no merit to Plaintiff's claim for actual damages. With no actual damages, this case would have settled quickly and likely for less than what was being offered by Defendant. Defendant offered Plaintiff Two-Thousand Five Hundred Dollars ($2,500.00) at the May 12, 2009 Settlement Conference, and then actually increased its previous offer to Three-Thousand Five Hundred Dollars ($3,500.00) at the February 16, 2010 Settlement Conference, both well in excess of the Ten Dollars ($10.00) ultimately obtained by Plaintiff.

Instead of making a realistic assessment of the validity of his actual damages claim, counsel for Plaintiff insisted on not only asking for actual damages, but continued to sign pleadings seeking Twenty-Five Thousand Dollars ($25,000.00) in actual damages. See, Plaintiff's Responses to Defendant's Interrogatory No. Number 7, attached hereto as **Exhibit A**; See, Final Pre-Trial Order, Docket Entry No. 47. While Plaintiff steadfastly continued to assert unsupported claims and nonexistent actual damages up until the day of trial, Plaintiff's last-minute abandonment undeniably confirmed Defendant's position since the inception of this case that there was no support for either the claims or alleged damages.

Plaintiff had ample opportunity to review the merits of his case. Well after discovery closed, and as Defendant began its trial preparation, Defendant reached out to Plaintiff in a final attempt to settle this case, in which defense counsel identified Plaintiff's lack of evidentiary

support for his claims, including the lack of any support for his claim for actual damages. See, Letter to Plaintiff's Counsel ("Letter"), attached hereto as **Exhibit B**. Despite outlining the lack of support for Plaintiff's claims, Defendant nevertheless re-extended its previous offer of Three Thousand Five Hundred Dollars ($3,500.00) to resolve this matter. Id., p.4. Plaintiff failed to respond in any fashion to Defendant's Letter.

In his Response, Plaintiff makes the puzzling argument that at the time of the Letter, Plaintiff had accumulated $5,000.00 in costs and $20,000.00 in attorneys' fees. See, Response ¶31. Plaintiff is completely missing the point that he was on notice, once again, about the lack of factual or legal support for his claims and damages, but continued to press forward with these claims. Clearly, a party cannot justify pressing forward on baseless claims with the assertion that the party spent money pursuing said baseless claims.

Defendant was held hostage by Plaintiff's failure to adequately assess his case. Plaintiff's filings to the Court beginning with the Amended Complaint in August 2009, fail to satisfy Fed.R.Civ.P. 11 (b)(3). As such, Plaintiff and/or Plaintiff's counsel should be sanctioned by this Court. "Under Rule 11, the district court can impose an appropriate sanction upon the attorneys, law firms, or parties." Terran v. Kaplan, 109 F.3d 1428 (9th Cir. 1997).

### C.   28 U.S.C. §1927

Plaintiff's counsel's failure to promptly withdraw meritless claims and the continued assertion of baseless actual damages up until the day of trial violated 28 U.S.C. § 1927. 28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

9

Section 1927 is designed "…to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them."  See, Kapco Mfg. Co. v. C & O Enters., Inc., 886 F.2d 1485, 1491 (7th Cir. 1989).  "Subjective" bad faith on the part of an attorney is not a prerequisite to trigger sanctions under § 1927, Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)(en banc). An attorney can be subject to sanctions under § 1927 for:

> ….acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law…a lawyer's reckless indifference to the law may impose substantial costs on the adverse party.  Section 1927 permits a court to insist that the attorney bear the cost for his own lack of care.

Id. at 1511(quoting In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985)(internal citations omitted in original); See, also, Toombs v. Leone, 777 F.2d 465, 471 (9th Cir. 1985)(finding sanction appropriate pursuant to § 1927 when counsel acted recklessly or in bad faith); BKB v. Maui Police Dep't, 276 F. 3d 1091, 1107 (9th Cir. 2002).  A court may look at the entire proceedings when determining bad faith conduct, not just a single act.  See, In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 28 F. 3d 175 (3rd Cir. 2002).

The history of Plaintiff's counsel's unreasonable and vexatious multiplication of the proceedings in this case is undeniable.  As explained above, Plaintiff's Complaint and Amended Complaint alleged thirteen (13) claims, including a claim for actual damages.

Plaintiff has filed numerous documents and steadfastly maintained all thirteen (13) of his claims and his claims for actual damages until the last possible second.  Plaintiff's counsel clearly had no intention of ever informing Defendant of their intent to withdraw four of Plaintiff's claims, Ms. Key as a Defendant and Plaintiff's claim for actual damages.  Plaintiff

has failed to provide an explanation as to why, after Plaintiff's deposition and the close of evidence, Plaintiff continued to push allegations and claims that had no evidentiary support. The four dismissed claims and the claim for actual damages were dismissed at the last possible moment before trial. Nothing could have possibly changed the day of trial to warrant the dismissal. Discovery was closed for seven months, all witnesses had been deposed, and all documents exchanged – Plaintiff's counsel's only possible (albeit inappropriate) justification for moving forward with these claims was to force Defendant to incur additional fees and costs. Plaintiff's attorney had every opportunity to inform Defendant's attorney of his intent to withdraw the claims but chose not to. Instead, Plaintiff forced Defendant to incur time and expense preparing a trial brief and jury instructions on claims Plaintiff had no intention of advancing at trial. Similarly, Plaintiff forced Defendant to incur time and expense preparing a defense to claims Plaintiff had no intention of advancing at trial. Plaintiff's attorney can make no rational argument that waiting until the week before and morning of trial to withdraw four meritless claims and actual damages is anything short of, at the very least, reckless. Plaintiff's only argument is that their questionable verdict[1] somehow vindicates them of their entire behavior throughout this case. This argument, much like most of Plaintiff's claims, is without merit.

Plaintiff argues that because of their limited success in a questionable jury verdict, he is not responsible for attorneys' fees on any of his meritless claims and his last second withdrawal of his actual damages claim. See, Response ¶27. As stated above, Plaintiff's argument is simply wrong. One important aspect the Court must consider is that §1927 pertains to civil cases and

---

[1] As this Court has opined: "Nevertheless, accepting the jury's apparent conclusion that the contacts at work were inconvenient and harassing, the actual contacts were limited in number and duration. Given that Plaintiff furnished Defendant with his work number and his supervisor invited Defendant to contact Plaintiff at work the next day, **it is unclear when the contact was noncomplying under the FDCPA."** See, Order on Damages, Docket No. 106 (emphasis added).

prevailing parties are irrelevant. As stated by the Supreme Court, "[b]ut § 1927 does not distinguish between winners and losers or plaintiffs and defendants. The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law. **It is concerned only with limiting the abuse of the court process**." Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980)(emphasis added). Regardless of whom the Court deems to be the prevailing party, Plaintiff's counsel acted recklessly, causing Defendant's costs and fees to rise exponentially. Once Plaintiff's actual damages claim was withdrawn on the morning of trial, defense counsel again openly asked why this case was proceeding to trial. Defendant had made many offers in excess of the maximum amount of statutory damages Plaintiff could hope to receive months earlier. This Court correctly stated that this case was apparently all about attorneys' fees. Now Plaintiff's attorneys should be sanctioned to pay them.

### D. Plaintiff's Miscellaneous Arguments

Plaintiff has provided this Court with minimal arguments as to why Defendant's Motion should not be granted. Plaintiff is only able to provide one inapposite case from the Ninth Circuit that is not followed in the Tenth Circuit. In addition, Plaintiff's sole case only addresses the FDCPA; it does not deal with Fed.R.Civ.P. 11 or 28 U.S.C. §1927. Plaintiff has not provided this Court with a colorable argument to justify his actions and has acted in a reckless manner violating the Federal Rules of Civil Procedure and federal statutes.

In addition to Plaintiff's limited arguments on point, Plaintiff has made several accusations that must be addressed. First, Plaintiff argues that Defendant's Motion is untimely. See, Response ¶¶9-12. Plaintiff also argues that Defendant failed to include its arguments within the Final Pretrial Order. See, Response ¶9. Plaintiff's arguments can be considered incoherent at best. Plaintiff argues that Defendant's arguments addressed in its Motion were not timely, and

thereby precluded him from the ability to conduct discovery[2] on the "claims." Perhaps if Plaintiff conducted his case in a proper and thorough manner these "claims" would not be considered new to him. Plaintiff was told for months his claims were without merit and he had no actual damages. Plaintiff's reckless actions and bad faith became apparent when he dropped many of his claims and actual damages the morning of trial. Plaintiff's arguments to timeliness and new "claims" are misplaced.

Next, Plaintiff continues to argue that Defendant forced this case to go to trial by refusing to accept liability and pay any statutory damage award. See, Response ¶¶18-19. As stated above, the parties participated in two settlement conferences in which Plaintiff continued to assert he suffered actual damages of Twenty-Five Thousand Dollars ($25,000.00). Plaintiff's continued allegation that he suffered actual damages prevented this case from settling. If actual damages had not been asserted, clearly Plaintiff would have accepted Defendant's Two-Thousand Five Hundred Dollar ($2,500.00) settlement offer at the first Settlement Conference, as well as the increased offer of Three-Thousand Five Hundred Dollars ($3,500.00) offered at the second Settlement Conference. In fact, it is Plaintiff's withdrawal of four claims and actual damages that support Defendant's position from this case's inception. Plaintiff's failure to assess his case adequately forced this case to trial.

Finally, Plaintiff makes allegations towards counsel for Defendant by stating they did not keep contemporaneous time records. See, Response ¶33. Plaintiff completely misstates Defendant's request. Defendant is not seeking its entire attorneys' fees but only those incurred defending specific claims that this Court deems appropriate for a fee award. Defendant has maintained contemporaneous time records throughout this case and can certainly submit all of its

---

[2] As the conduct being complained of is that of Plaintiff and his counsel, it is unclear exactly what discovery into such conduct Plaintiff wishes to perform.

attorneys' fees to the Court. However, such a submission would seem to be a waste of judicial resources. Defendant was simply asking for an Order setting forth the specific claims deemed to warrant a fee award in order to streamline the fee petition to be submitted, so that only fees incurred defending the claims filed in bad faith are submitted to the Court. Counsel for the party claiming fees has the burden of proving hours to the District Court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks. See, Case v. United Sch. Dist. No. 233, 157 F. 3d 1243, 1250 (10th Cir. 1998). Defendant is fully prepared to meet this burden. Plaintiff's interpretation of Defendant's Motion is inaccurate and should be disregarded by this Court.

### III.   CONCLUSION

Plaintiff filed this Complaint in March 2009. Plaintiff alleged fourteen (14) claims and a claim for actual damages in the amount of Twenty-Five Thousand Dollars ($25,000.00). Plaintiff was deposed and filed an Amended Complaint weeks after his deposition and months after filing his Complaint in August 2009. Plaintiff had ample opportunity to review his case and change his Amended Complaint to reflect his findings. No changes were made. Discovery was conducted and completed by October 2009, including the depositions of all potential witnesses. Plaintiff again made no changes to his Amended Complaint. All parties participated in the Final Pretrial Conference in December 2009. A Final Pretrial Order was prepared and Plaintiff again insisted on all fourteen (14) of his claims and his claim for actual damages. A final Settlement Conference occurred where Plaintiff continued to seek actual damages in the amount of Twenty-Five Thousand Dollars ($25,000.00). All parties participated in a Trial Preparation Conference on May 4, 2010, and still Plaintiff made no effort to consolidate his case. Finally, at the

continued Trial Preparation Conference on May 6, 2010, after Defendant's attorney asked about missing jury instructions, did Plaintiff's attorney admit that he was not moving forward on those claims.  However, no mention was made surrounding actual damages or removing Ms. Key as a defendant.  On the morning of trial, over a year after the Complaint was filed, Plaintiff ultimately agreed with Defendant's assessment that Plaintiff had no actual damages and withdrew the claim.

Plaintiff and his attorneys failed to preserve the integrity of the federal court system and acted in bad faith with the intent to harass Defendant.  Plaintiff's attorneys violated Fed.R.Civ.P. 11 by failing to adequately assess their case and properly review all documents filed.  Plaintiff's attorneys acted recklessly causing Defendant to incur additional costs and fees, and should be sanctioned for violating 28 U.S.C. 1927.

Plaintiff had over a year to collect evidence and (1) waited until the last possible moment to withdraw what he knew to be allegations that had no evidence to support them; (2) proceeded on claims that he knew to be false; (3) withdrew actual damages and a named Defendant on the morning of trial; and (4) rejected offers for more than triple the maximum amount he could obtain for statutory damages, pushing a case for the sole purpose of attorneys' fees.  These actions show that Plaintiff acted in bad faith and for the purpose of harassment in violation of 15 U.S.C. § 1692k(a)(3).  Plaintiff's attorneys also violated Fed.R.Civ.P. 11 and 28 U.S.C. §1927 and should be sanctioned accordingly.  Defendant requests this Court grant Defendant's Motion and grant it leave to file a petition for attorneys' fees and for other such relief as the Court deems proper.

Dated: July 1, 2010.

Respectfully submitted,

                ADAM L. PLOTKIN, P.C.

                s/ Joseph J. Lico

By:    _____

**Joseph J. Lico**
621 Seventeenth Street, Suite 2400
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: jlico@alp-pc.com
Attorneys for Defendants

### **Certificate of Service**

I hereby certify that on July 1, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    larsonlawoffice@gmail.com
    RickWynkoop@yahoo.com

                By:    s/ Joseph J. Lico

                        _____

                        **Joseph J. Lico**
                        621 Seventeenth Street, Suite 1800
                        Denver, Colorado 80293
                        Telephone: (303) 296-3566
                        FAX: (303) 296-3544
                        E-mail: jlico@alp-pc.com