IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00680-WDM-BNB

JOSHUA JACKSON,

       Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC., a California corporation,

       Defendant.

---

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

---

Pursuant to Fed.R.Civ.P. 26 and 33, the Plaintiff, Joshua Jackson, by and through his attorney of record, David M. Larson, hereby responds as follows to Defendant's First Set of Interrogatories to Plaintiff:

**RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify each person who assisted you in the preparation of your responses to these discovery requests and identify each person with whom you discussed these discovery requests and/or your responses to these discovery requests. Please provide an address and phone number for each person listed.

**ANSWER:**

David M. Larson, Esq.
405 S. Cascade Ave., Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Counsel to the Plaintiff

Stephanie Steiner

**Exhibit A**

and costs as a result of Defendant's actions against the Plaintiff. The losses began with the Defendant's harassment of the Plaintiff and are ongoing as a result of this litigation. The amount of the Plaintiff's financial losses are ongoing as a result of this litigation. The Defendant's actions against the Plaintiff caused the injuries which in turn caused the Plaintiff to incur the financial losses.

**INTERROGATORY NO. 7:** Set forth in detail all facts regarding the amount of damages you personally claim under each separate count of the Complaint in this case, indicating the basis for each such damage claim; set forth in detail all facts which support, or relate to in any way, such damage claims and provide a detailed explanation of your calculation of such damages.

**ANSWER:**

The responding party objects to this "contention" and / or "blockbuster" interrogatory as overly broad and unduly burdensome. See Grynberg v. Total S.A., No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *7 (D. Colo. May 3, 2006) ("blockbuster" interrogatory constitutes "abuse of the discovery process").

Subject to and without waiving the foregoing objections the responding party states as follows: The Plaintiff does not remember the exact dates and times of the telephonic communications with the Defendant but does remember that the Defendant's representatives told him that they were calling from Diversified Collection Services, Inc. on his personal student loan account, they threatened that the Defendant could garnish the Plaintiff's wages at $100.00 per week and called the Plaintiff at his place of employment after the Plaintiff told the Defendant and / or representatives, employees and / or agents of the Defendant to stop calling him at work and that he can get in

4

**Exhibit A**

trouble for the telephone calls at work.

The Plaintiff has incurred actual damages as a result of trouble sleeping, trouble eating, headaches, anxiety, anger, frustration, stress, humiliation, embarrassment and emotional distress as a result of Defendant's actions against the Plaintiff. The Plaintiff has incurred actual damages for mileage, over the counter medications and costs as a result of Defendant's actions against the Plaintiff. The Plaintiff refers the Defendant to the Complaint filed in this action and his Fed.R.Civ.P. 26(a)(1) Initial Disclosures. The Plaintiff's actual damages are ongoing in nature and are still being incurred. Thus the Plaintiff is unable to provide an itemization of all actual damages that he is claiming. The Plaintiff estimates actual damages for over the counter medication of approximately $20.00, mileage of approximately $100.00 and costs in excess of $500.00. Plaintiff is claiming $25,000.00 in actual damages as a result of the emotional distress claimed above. The Plaintiff is claiming $1,000.00 in statutory damages as a result of the Defendant's actions. Discovery is ongoing and Plaintiff may supplement this response.

**INTERROGATORY NO. 8:** Describe all actual damages suffered by Plaintiff as a result of the alleged actions of DCS, including the nature of each item of damage, the amount of each item of damage, the date of each item of damage was incurred, the amount of compensation to which Plaintiff alleges entitlement as a result of the damage, how the figures used in calculating the value of each item of damage were computed and all facts which form the basis of the Plaintiff's contention that DCS' acts or omissions proximately cause the item of damage.

**ANSWER:**

**Exhibit A**

As to objections only:  _____
David M. Larson, Esq.
405 S. Cascade Avenue, Ste 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of June, 2009, a true and correct copy of the foregoing Plaintiff's Responses to Defendant's Interrogatories Directed to the Plaintiff was placed in the U.S. Mail, postage pre-paid and addressed to the following interested parties:

Sara A. Green, Esq.
Adam L. Plotkin, PC
621 17th Street, Suite 2425
Denver, CO 80293

_____

**Exhibit A**