IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Case No. 09-cv-00680-WDM-BNB

JOSHUA JACKSON,

        Plaintiff,

    v.

DIVERSIFIED COLLECTION SERVICES, INC.,

        Defendant.

_____

## ORDER
_____

This is before me on Plaintiff's Motion to Alter or Amend Judgment (ECF No. 110), Plaintiff's Motion for Attorney Fees (ECF No. 112) and Defendant's Motion for an Order Finding that Certain of Plaintiff's Claims were Filed in Bad Faith and for the Purpose of Harassment (ECF No. 113). In a nutshell, these constitute the competing claims of Plaintiff and Defendant to entitlement of attorneys' fees against the other following a jury trial on Plaintiff's claims.

Having reviewed the motions and the briefs, I determine that oral argument or further briefing will not assist in my decision-making.

BACKGROUND

This is a case of claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff Joshua Jackson ("Plaintiff") incurred a consumer

PDF FINAL

debt and was in default.  The original lender transferred Plaintiff's account to Defendant

Diversified Collection Services, Inc. ("Defendant") who attempted to collect the debt.

Defendant Stacey L. Key ("Key") was an employee who worked on Plaintiff's account. In

response to Defendant's collection efforts Plaintiff filed a complaint, followed by an

amended complaint which asserted 12 or more violations of the FDCPA.  *See* Amended

Complaint (ECF No. 22) and Pretrial Order (ECF No. 47).  Discovery was had and

completed in October of 2009.  A pretrial conference was held in December 2009 and a

settlement conference held in February 2010.  The initial trial preparation conference

was held on May 4, 2010.  Throughout this time Plaintiff failed to withdraw any of his

claims.

At the final trial preparation conference on May 6, 2010, it was determined that

Plaintiff's proposed jury instructions omitted several of the claims asserted in his

amended complaint, specifically: violation of § 1692d(2) (use of obscene language);

§ 1692e(3) (communication from an attorney); § 1692e(7) (implication that consumer

committed crime); and § 1692e(11) (failure to disclose attempt to collect debt).

Following inquiry, Plaintiff withdrew those claims.

The matter was tried to a jury on May 10, 11 and 12, 2010.  On the morning that

trial began, Plaintiff withdrew his claim for actual damages and dismissed Key as a

defendant, but persisted in proceeding to trial on nine claimed violations of the FDCPA

(*see* instruction nos. 4-12).  At the conclusion of the evidence, I ruled pursuant to Fed.

R. Civ. P. 50 that no reasonable jury could find for Plaintiff on behalf of the following six

of his claimed violations and dismissed those claims:

§ 1692e (Instruction No. 7);

§ 1692e(2)(a) (Instruction No. 8);

§ 1692e(4) (Instruction No. 9);

§ 1692e(5) (Instruction No. 10);

§ 1692e(10) (Instruction No. 11); and

§ 1692f (Instruction No. 12).

The remaining three claims were submitted to the jury which found in Plaintiff's favor on two claims:  that Defendant had violated § 1692c(a)(1) (Instruction No. 4) by communicating with Plaintiff at a place known or that should have been known to be inconvenient and § 1692d (Instruction No. 6) by engaging in conduct, the natural consequences of which is harassment.  In so concluding, the jury also found that Defendant had not proved its defense of ***bona fide*** error.  The jury found in Defendant's favor on his § 1692 c(a)(3) claim that Defendant communicated with Plaintiff at work when the employer prohibited such contact.

On May 13, 2010, I awarded nominal damages of $10 after analysis of the factors listed in 15 U.S.C. § 1692k(b)(1).  ECF No. 106.  Judgment entered on May 21, 2010.  ECF No. 109.

<u>DISCUSSION</u>

These motions concern the competing claims for attorneys' fees when the claimant prevailed on but two of his twelve claims and was awarded nominal damages. Plaintiff asserts that he was the prevailing party and is entitled to a full award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).  Defendant denies

Plaintiff should be considered a prevailing party or entitled to any fees.  Instead, Defendant asserts Plaintiff himself is liable for Defendant's attorneys' fees pursuant to § 1692k because Plaintiff's claims were in bad faith for the purpose of harassment and because his claims were asserted for an improper purpose in violation of Fed. R. Civ. P. 11(b).  Further, Defendant seeks fees from Plaintiff's attorney, claiming he unreasonably complicated  the proceedings in violation of 28 U.S.C. § 1927.

### 1.  Plaintiff's Motion to Alter or Amend Judgment

I begin my consideration with Plaintiff's motion to alter or amend judgment (ECF No. 110) to include an award of attorneys' fees.  In its response, Defendant chose to challenge whether Plaintiff was entitled to fees, including whether he was the prevailing party.  Without deciding the issue at this point, Plaintiff's Motion to Amend should be denied as groundless.  The proper procedure for seeking attorneys' fees is by post-trial motion as provided in Fed. R. Civ. P. 54(d)(2).  The Rule contemplates that the motion will be filed after the entry of judgment.  Rule 54(d)(2)(B)(I).

### 2.  Plaintiff's Motion for Attorney Fees

Plaintiff's motion seeks $41,600 in attorneys' fees, $33,275 for David M. Larson and $8,325 for Richard B. Wynkoop who assisted at trial.  Defendant's motion to extend the time to file a response to Plaintiff's motion was granted until ten days after my ruling on the Motion to Amend or Alter the Judgment.  Accordingly, I have no response from Defendant directly addressing the reasonableness of the fee claim.

With regard to this fee claim, Defendant's response to Plaintiff's Motion to Alter the Judgment did focus the parties on the threshold issue of whether Plaintiff is a

prevailing party entitled to attorneys' fees pursuant to § 1692k(a)(3) given his meager success resulting in an award of nominal damages.  Defendant argues that I should follow the ruling of my colleague The Honorable John L. Kane in *O'Connor v. Checkrite, Ltd.*, 973 F. Supp. 1010 (D. Colo. 1997).  In that case, numerous FDCPA claims were dismissed but one, alleging a violation of § 1692a(2) for communicating through a third-party regarding a debt collection, was found in favor of the plaintiff.  No proof of damage was given and Judge Kane declared that judgment as a result would enter in the amount of $.01 but concluded that the plaintiff would not receive any "actual damages" because of failure of proof.  Since the Defendant's non-compliance was "neither frequent, persistent nor intentional," the plaintiff should not receive any "additional damages."  Judge Kane then ruled that because there was no award of "actual or additional damages" against the debt collector, the explicit requirements of § 1692k(a)(3) were not met and the plaintiff was not entitled to attorneys' fees or costs.

Defendant also relies on *Farrar v. Hobby*, 506 U.S. 103 (1992) wherein a plaintiff prevailed on a substantive count under § 1988 but received only nominal damages. The Court concluded that "a nominal damages award does render a Plaintiff a prevailing party . . . ." 506 U.S. at 115.  However, at least in a civil rights suit, a failure to prove actual, compensable injury may prevent a fee award.  "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, . . . the only reasonable fee is usually no fee at all." *Id.* (emphasis added).  The Court reversed the fee award as "an apparent failure to heed our admonition that fee awards under § 1988 were never intended to 'produce windfalls to

attorneys.'" *Id.* (citation omitted).  The  fee award was reversed even though petitioner was a prevailing party.  *Id.* at 115-16.  Defendant argues the same principle applies here.

Plaintiff responds with authority which he claims mandates an attorneys' fee award if a Plaintiff succeeds on one FDCPA claim.  *See Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004); *Rivera v. Corporate Receivables, Inc.,* 540 F.Supp 2d 329, 336 (D. Conn. 2008).  Plaintiff's response does not address the *Farrar* principle that the reasonable fee in a nominal damage case is "no fee."

Although *Farrar* was a civil rights plaintiff, the same principle could apply here to conclude that any fee award would be unreasonable.  However, accepting the jury's verdict that Defendant violated the FDCPA, Plaintiff argues that he's entitled to recover fees even though he received only nominal damages.  *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).  As Plaintiff argues, the FDCPA is an example where Congress chose the debtor as the "private attorney general" to enforce the Act and its purposes.  *See Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

Accepting that Plaintiff is entitled to a reasonable fee recovery as the "private attorney general" in this case, that fee recovery is still limited only to reasonable fees. To award substantial fees in this case, particularly given my conclusion that the actions of Plaintiff's attorney violated § 1927 as discussed below, would be unreasonable under the principle of *Farrar*.  Indeed, an award of attorney's fees must be appropriately limited as follows.

As tried to this court, the case was comparatively simple and straightforward in

its presentation.  A matter that may be tried in two or three days does not need involvement of two attorneys, particularly where one is retained after discovery and almost all pretrial matters have been completed.  No indication is given that the late arriving co-counsel in any way varied the course of the case or performed duties that a single counsel would have been able to accomplish.  Accordingly, no award will be made for that co-counsel.

Further, given the extremely limited success and the conclusion that Plaintiff's counsel unreasonably multiplied the proceedings, the recovery must be appropriately reduced and be consistent with an award of fees and costs against him because they were unreasonably imposed upon the Defendant.  It has also been suggested that the "most critical factor" in determining reasonableness of a fee award is the degree of success obtained.  *Farrar*, 506 U.S. at 114; *Tolentino v. Freedman*, 46 F.3d 645, 652 (7th Cir. 1995).  A significant reduction in the fee claim based upon degree of success is well recognized in the Tenth Circuit.  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197 (10th Cir. 1986) (reduction of attorneys' fee claim by 77% and refusal to award fees for co-counsel).

I conclude therefore that Plaintiff, as a prevailing party, is entitled to recovery of an appropriately limited reasonable attorneys' fee award.  As noted, Defendant has not specifically responded to Plaintiff's claim and should be given the opportunity before a decision on the amount is made.

### 3. Defendant's Motion for Finding of Bad Faith

Turning to Defendant's motion for fees, three different legal bases are urged: 15

U.S.C. § 1692k(a)(3) of the FDCPA, Fed. R. Civ. P. 11, and 28 U.S.C. § 1927.

Section 1692k(a)(3) of the FDCPA states in pertinent part: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to work expended and costs."  In the context of this section bad faith is "not simply bad judgment or negligence" but rather implies a conscious wrongdoing or improper purpose.  *See Smith v. Argent Mortg. Co., LLC*, Civil Action No. 05-cv-02364-REB-BNB, 2008 WL 1840727 at *1 (D. Colo. Apr. 22, 2008) *aff'd*, *Smith v. Argent Mortg. Co.*, *LLC*, 331 Fed. Appx. 549 (10th Cir. 2009).  Here the evidence of bad faith is tied to the numerous claims dismissed at the last moment or dismissed following presentation of evidence.  In general, it is recognized under the FDCPA that some minimal success or demonstrating a potentially colorable claim avoids liability under § 1692k absent any other proof of bad faith or harassment.  *See Guerrero v. RJM Acquisitions*, *LLC,* 499 F.3d 926, 940-41 (9th Cir. 2007); *Perry v. Stuart Title Co.,* 756 F.2d 1197, 1211 (5th Cir. 1985).  Accordingly, I conclude that given that Plaintiff made at least colorable claims to achieve a nominal damage award, the evidence does not establish the bad faith of Plaintiff under the FDCPA.

Defendant's claim under Rule 11 should likewise be denied.  Rule 11 does provide for the sanction of attorneys' fees if specified procedures are followed and the opponent violates the standards of Rule 11(b).  To obtain sanctions, however, certain steps must be followed and the appropriate motion made before the litigation comes to an end.  A condition precedent to any recovery is the requirement outlined in Rule

11(c)(2) that the opponent be served with an unfiled motion for sanctions and given 21 days to withdraw the offending claim or otherwise appropriately act, the so-called "safe harbor" provision.  No evidence is presented that Defendant has complied with this requirement.  Further, the Rule 11 motion must be filed before the close of the case. *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006).  Given that the "safe harbor" provision mandates an opportunity to cure before fee liability can be imposed, if the case has been tried and judgment entered it is not possible to afford that opportunity to the offending party.  Accordingly, Defendant's request for Rule 11 sanctions must be denied.  *Id.*; *Sierra Club v. Cripple Creek & Victor Gold Mining Co.*, 509 F. Supp. 2d 943, 950 (D. Colo. 2006).

Finally, Defendant seeks fees and costs against Plaintiff's attorney pursuant to 28 U.S.C. § 1927 which provides that any attorney

> who so multiplies the proceedings in a case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

An award under § 1927 should only be made in a serious case that disregards "the orderly process of justice" and the court should always be conscious of the "need to insure that the statute does not dampen attorneys' zealous representation of their clients' interests."  *Ford Audio Video Sys., Inc. v. AMX Corp., Inc.,* 161 F.3d 17 (Table), 1998 WL 658386 at *3 (10th Cir. 1998) (citing *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985)).  Defendant claims that Plaintiff engaged in a vexatious multiplication of proceedings by making a large number of claims with

assertions of actual damages which were maintained until trial and only then were most of the claims dismissed, either voluntarily or by court order.  Plaintiff responds by arguing that no specific authority holds that dismissal on the morning of trial results in § 1927 liability.  Plaintiff contends that trial was necessary because Defendant refused to admit the very violations that Plaintiff successfully proved.  Defendant, however, argues that even with success, Plaintiff wasted Defendant's time and resources in failing to withdraw claims sooner, at least after discovery or by time of the final pretrial conference.  Because Plaintiff did not, Defendant had to prepare for all claims, even to the extent of drafting proposed jury instructions for trial that Plaintiff did not prepare in support of his own claims.

Defendant also points to the economic considerations of a suit brought where no actual damages are prevented.  Defendant had made settlement offers as much as $3,000 and the result was then an award of nominal damages only.

The law to be applied to these facts established under § 1927 imposes sanctions for multiplication of proceedings and not for simply initiating meritless litigation.  *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006).  It is simply "not possible to multiply proceedings until <u>after</u> those proceedings have begun." *Id.* at 1225 (emphasis in original).  That does not mean, however, that § 1927 is never applicable if the plaintiff simply maintains its original claims.  Rather, as the litigation proceeds, the attorney must be prepared to re-evaluate his claim pursuant to § 1927.  *Id.* at 1224  (Section 1927 is an "incentive for attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims").  The standard to be applied under § 1927 does

not require a finding of bad faith but it also does not excuse one who acts with "an empty head and a pure heart." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). The standard is one of objectively unreasonable conduct. *Id.*; *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (conduct that, when "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court"). If sanctions are appropriate, the amount of sanction should be determined to compensate the party for the expenses incurred rather than to deter or punish the offender. *Hamilton*, 519 F.3d at 1205-6.

Deciding this issue mandates review of the entire proceeding. As summarized above, the March 2009 complaint (ECF No. 1) contained multiple claims and consisted of six pages containing 38 allegations. After a scheduling order, initial settlement conference and some discovery, Plaintiff moved to amend the complaint, purportedly to only add Defendant Key as a party. (ECF No. 17). In fact, the amended complaint grew to 17 pages and 114 allegations and was filed on August 19, 2009. (ECF No. 22). After completion of discovery and a pretrial conference the final pretrial order issued on December 22, 2009 (ECF No. 47). Plaintiff maintained all of his claims but numerous facts were stipulated. *See* ECF No. 76. Then, at a final trial preparation conference on May 6, 2010, and in response to inquiries why Plaintiff's proposed jury instructions omitted several claims (Defendant had tendered jury instructions to cover all the claims), Plaintiff withdrew those claims. That was followed, on the morning of trial, by Plaintiff's dismissal of Key and withdrawal of his damage claim. At the close of Plaintiff's evidence, six claims related to garnishment were dismissed by me because of

lack of evidence of any violation.  It is also noteworthy that Plaintiff remains employed by the same employer who had essentially authorized the Defendant to make phone calls to the place of employment.  As confirmed by the dropping of his claim for actual damages, Plaintiff suffered no recognizable damages in this matter, other than potential statutory damages.

As this background demonstrates, Plaintiff's attorney's actions of waiting until the very eve of trial to withdraw several claims and dismiss a defendant caused both Defendant and myself as the court to unnecessarily expend time and resources. Given that this was months after completion of discovery and preparation of the final pretrial order, I conclude that failing to act earlier was objectively unreasonable conduct in reckless disregard of the attorney's duties to this court, opposing counsel, and the legal process.  Plaintiff's attorney failed to re-evaluate Plaintiff's claims on a timely basis and prolonged, rather than avoided, meritless claims inconsistent with Tenth Circuit law. *See Steinert*, 440 F.3d at 1224.  Such conduct cannot be excused as merely zealous representation.  An appropriate sanction should be ordered.

Defendant does not provide any information concerning increased fees and costs occasioned by Plaintiff's persistence in making meritless claims.  In these circumstances I will allow Defendant to file a motion with appropriate information for recovery of attorneys' fees and other costs incurred after the entry of the pretrial order to defend against the claims withdrawn and dismissed.

It is therefore ordered:

1.  Plaintiff's Motion to Alter or Amend Judgment (ECF No. 110) is denied.

2.  Plaintiff's Motion for Attorney's Fees (ECF No. 112) is granted in part and denied in part as set forth herein.  To determine the amount of Plaintiff's fee recovery, the parties shall proceed as follows:

 a. Defendant shall respond to Plaintiff's Motion for Attorney Fees as limited by this order on or before April 25, 2011;

 b. Plaintiff may reply on or before May 9, 2011.

3.  Defendant's Motion for an Order Finding that Certain of Plaintiff's Claims were Filed in Bad Faith and for the Purpose of Harassment (ECF No. 113) is granted in part and denied in part.  Plaintiff's attorney, David M. Larson, is ordered to pay excess costs and attorneys' fees reasonably incurred pursuant to 28 U.S.C. § 1927 and this order. To determine the amount of Defendant's fee recovery from Mr. Larson, the parties shall proceed as follows:

 a. Defendant may file its claim for attorneys' fees in accordance with D.C.COLO.LCivR 54.3 and this court's pretrial and trial procedures on or before April 25, 2011;

 b. Mr. Larson shall file a response on or before May 9, 2011.

 DATED at Denver, Colorado, on March 31, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge