IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00680-WDM-BNB

JOSHUA JACKSON,

    Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC.,

    Defendant.

---

**MOTION FOR ATTORNEYS' FEES**

---

COMES NOW the Defendant, Diversified Collection Services, Inc., (the "Defendant") by and through its counsel, Adam L. Plotkin, P.C., and submits the following Motion for Attorneys' Fees:

**I.   INTRODUCTION**

Defendant filed a Motion for an Order Finding that Certain of Plainitff's Claims were Filed in Bad Faith and for the Purpose of Harassment ("Defendant's Motion") against Plaintiff for his unreasonable conduct by multiplying the proceedings which caused Defendant to spend hours and resources preparing for claims which Plaintiff knew or should have known had no merit.  See, Docket No. 113.  This Court granted Defendant's Motion with respect to Defendant's argument that Plaintiff's counsel violated 28 U.S.C. § 1927,  and directed Defendant to file a motion for  attorneys' fees. See, Docket No. 122.

The facts and timeline of this case have been outlined by the parties and the Court numerous times.  Rather than reiterate many of the same facts again, Defendant incorporates the Background Section of the Court's Order dated March 31, 2011, as well as its Introduction

Section from its Response to Plaintiff's Motion for Attorneys' Fees. See, Docket Nos. 122 and 123 respectively.

## II. APPLICABLE STANDARDS

### A. Federal Rules of Civil Procedue 54

Motions for attorneys' fees are governed by Fed.R.Civ.P. 54(d)(3) as well as D.C.COLO.LCivR 54.3. In determining the amount of reasonable attorneys' fees that a party is to be awarded, courts in this District apply the three step analysis announced Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983), overruled on other grounds, which relied upon the factors announced by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The first step is to determine the number of hours reasonably spent by counsel seeking fees. Ramos, 713 F.2d at 553. In determining the number of hours to award, "…the district court must determine not just the actual hours expended by counsel but which of those hours were reasonably expended in litigation." Id. The "reasonableness" of the hours claimed turn on several factors including: 1) the number of hours which would be properly billed to a client using "good billing judgment;" 2) the time allocated to a specific task; 3) the duplication of efforts; and 4) whether billing entries are sufficiently detailed in showing how much time is allocated to a given task. Id. 553-54; Malloy v. Monahan, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The Court may decrease the amount of hours in the calculation where the prevailing party's counsel inadequately documents their hours. Hensley, 461 U.S. at 434. In addition, time for tasks that are clerical in nature are not recoverable. See, Missouri v. Jenkins, 491 U.S. 274, 288, n. 10 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them").

The second step in determining the amount of attorneys' fees to be awarded is to

determine the reasonable hourly rate determined by "…what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." Ramos, 713 F.2d at 553 (emphasis added).  It is Plaintiff's burden to produce satisfactory evidence, in addition to an affidavit, that the requested hourly rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation. Blum v. Stenson, 465 U.S. 886, 895, n.11, 79 L.Ed.2d 891, 104 S.Ct. (1984) (emphasis added).  A reasonable hourly rate is a rate based on "prevailing market rates in the relevant community" for attorneys of similar experience in similar cases." Id.  The party seeking the fee award bears the burden of establishing that both the time expended and the rate are reasonable. Malloy, 73 F. 3d at 1018.

The third step is to multiple the reasonable time awarded by the reasonable hourly rate, which results in the "lodestar" amount. Hensley, 461 U.S. at 433.

A district court is in the best position to decide attorneys' fees.  "[I]t remains for the district court to determine what fee is 'reasonable'." Hensley, 461 U.S. at 433; Mares v. Credit Bureau of Raton, 801 F.2d 1197 (10th Cir. 1986)(generally refer to district court's judgment as it saw they attorney's work first hand); Poolaw v. City of Anadarko, 738 F.3d 364 (10th Cir. 1984). In addition, the district court does not need to identify each hour deleted or each hour approved. "It is within the district court's braod discretion, given its first-hand experience of the litigation as a whole, to make a holistic determination, rather than a meticulous accounting in deciding the appropriate fee." Sinajini v. Bd. of Educ. of San Juan County Sch. Dist., 53 Fed. Appx. 31, 39 (10th Cir. 2002); New York State Association for Retarded Children v. Carey, 711 F.2d 1136 (2nd Cir. 1983)(district courts not required to identify and justify each diallowed hour); Lipsett v.

Blanco, 975 F.2d 934 (1st Cir. 1996)(court has extremely broad discretion in fashioning fee award); Copeland v. Marshall; 641 F.2d 880 (D.C. Cir. 1980).

### B.  28 U.S.C. §1927 Sanctions

Section 1927 sanctions are to be imposed when an attorney multiples proceedings unnecessarily. See, Steinert v. Winn Grp., Inc., 440 F.3d 1214 (10th Cir. 2006). Section 1927 sanctions may also be awarded "when an attorney is cavalier or bent on misleading the court, intentional acts without a plausdible basis; or when the entire course of the proceedings was unwarranted." See, Miera v. Dairyland Ins. Co., 143 F. 3d 1337, 1342 (10th Cir. 1998); See also, Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C., 430 F.3d 1269 (10th Cir. 2005)(Court did not abuse its discretion in granting Defendant $62,286.02 in attorneys' fees under 1927 sanction).

### C. Plaintiff Has The Burden To Present Evidence Contesting The Reasonable Rate

The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. See e.g., United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989); Gates v. Deukmejian, 987 F.2d 1392 (9th Cir.1992) (fee opponent must submit evidence). "[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant." Brinker v. Giuffrida, 798 F.2d 661 (3d Cir. 1986).

### III.   ATTORNEYS' FEES

Adam L. Plotkin, P.C. represented Defendant and Ms. Key over the course of this litigation. At the initial stages of this case, Sara Green represented Defendant and Ms. Key. Ms. Green zealously represented both Defendant and Ms. Key through the pleadings and all stages of discovery. In addition, Ms. Green represented Defendant at all required court dates through the

calendar 2009 year.  Ms. Green resigned from Adam L. Plotkin, P.C. in January 2010. However, none of Ms. Green's fees are being sought.

Next, Steve Wienczkowski assisted in the representation of Defendant and Ms. Key.  Mr. Wienczkowski represented the Defendant through much of the post-discovery stages of the litigation, including at the second Settlement Conference.  Mr. Wienczkowski assisted with trial preparation, jury instructions, witness preparation and briefing.  Mr. Wienczkowski was present during both days of trial providing invaluable assistance.  However, Defendant is not seeking reimbursement for any of Mr. Wienczkowski's time.

Mr. Adam Plotkin is the owner of the firm Adam Plotkin, P.C.  Mr. Plotkin oversees each case and provides assistance in every aspect of a case as it proceeds through litigation. Mr. Plotkin provided continuous representation of Defendant and Ms. Key since the firm was first retained by Defendant and Ms. Key.   Mr. Plotkin assisted with pleadings, motions, discovery preparation, witness preparation, arguments and acted as second chair during the trial.  Mr. Plotkin provided countless hours assisting Mr. Lico as this case proceeded to trial, including preparation of all post-trial briefing.  However, while Defendant believes Mr. Plotkin's service could be recovered, Defendant is not seeking any recovery of Mr. Plotkin's time.

Finally, Mr. Joseph Lico took over as lead counsel on this case when he joined Adam L. Plotkin, P.C. in March 2010.  As lead counsel, Mr. Lico prepared this case for trial including establishing a trial strategy, preparing witness outlines and questions, drafting jury instructions, a trial brief, and pre-trial motions.  Mr. Lico attended both Trial Preparation Conferences and litigated the entire case before the jury.  Mr. Lico also researched relevant case law and drafted

all post trial motions and responses.  Defendant is seeking reimbursement for Mr. Lico's time[1].

A copy of all relevant and reasonable time billed by Mr. Lico is attached hereto as **Exhibit A**.

## IV. THE RATE SOUGHT BY DEFENDANT'S ATTORNEY IS REASONABLE

A reasonable rate is determined by evaluating the rates charged by attorneys in similar circumstances with similar experience. Ramos, 713 F.2d at 553.  Mr. Lico's rate for this case is a discounted $225.00/hour.  Mr. Lico has been practicing law in the state of Colorado since 1998 and has participated in over one hundred (100) court and jury trials.  Mr. Lico's rate is reasonable and consistent with what other attorneys with similar experience charge.

Defendant seeks attorneys' fees in the amount of $29,647.12 which represents fifty percent (50%) of the reasonable fees billed as a result of Plaintiff's reckless pursuit of actual damages; twenty-five percent (25%) of the reasonable fees billed in defending Ms. Key as an individual defendant; and eighty percent (80%) of the remaining reasonable fees billed in defending ten (10) meritless claims asserted by Plaintiff and pursued up to the final days before and during trial.  The fees billed is based on 138.7 hours of time totaling $31,207.50.

The fees billed in this case reflect the reasonable fees billed by Adam L. Plotkin, P.C. on behalf of Mr. Lico.  It should be noted that Mr. Lico spent another fifty (50) hours on this case acclimating himself to this case.  Adam L. Plotkin, P.C. did not bill Defendant for Mr. Lico's time to familiarize himself with the case.  Mr. Plotkin understood this was a necessary expense that must be absorbed by the firm.  As Defendant was not billed for this time, neither Defendant nor Adam L. Plotkin, P.C. is asking for any reimbursement of this time.

---

[1] The Court's Order imposing §1927 sanctions against Plaintiff's counsel allowed Defendant to file a Motion for Attorneys' Fees to account for increased fees as a result of Plaintiff's persistence in making meritless claims from the date of the pretrial order.  Mr. Lico did not become involved in this until March 2010, well after the December 22, 2009, pretrial conference.  As such, Defendant seeks a significant portion of Mr. Lico's fees only.

This case is a perfect example of why acting recklessly and multiplying proceedings with meritless claims and assertions of actual damages does nothing except drive up costs and fees for the other side. Mr. Lico was assigned this case when he started in March 2010. If Plaintiff properly removed the actual damages claim, Ms. Key as a named defendant and his ten (10) meritless claims, Mr. Lico's trial preparation would have been minimal in comparison to the time expended. Defendant proposes he would have spent significant less time preparing for trial if Plaintiff's counsel properly managed this case. Instead, counsel for Defendant was forced to prepare for thirteen (13) allegations and Ms. Key as a named defendant. Counsel for Defendant had to prepare Ms. Key for trial, when if not named, it is likely Ms. Key would have not made the trip to Denver and never testified. Most importantly, counsel for Defendant prepared for actual damages by scouring depositions, pleadings and discovery repsonses. Plaintiff's claim for actual damages forced Defendant to spend hours preparing testimony outlines and scenarios surrounding actual damages. In essence, counsel for Defendant completely wasted tens of thousands of dollars and should be reimbursed.

Mr. Lico has attached an affidavit in support of this Motion for Attorneys' Fees. Mr. Lico's Affidavit is attached hereto as **Exhibit B**. The facts and statements contained therein are incorporated by reference. Mr. Lico has defended over one hundred fifty (150) FDCPA cases in Colorado and Arizona. Mr. Lico is licensed to practice law in the states of Colroado and Arizona, as well as the United States District Courts of Colorado and Arizona and the Tenth Circuit Court of Appeals.

Mr. Lico has obtained additional training in the FDCPA by attending ACA International's (ACA) Annual Conference in 2010, as well as the ACA 2011 Leadership Symposium. Mr. Lico has also worked for the Colorado State Attorney General in the area of

consumer protection, and has successfully completed many continuing legal education courses in consumer protection.

Defendant is also attaching an affidavit from Alan Greenberg, Esq. and Irvin Borenstein, Esq. Mr. Greenberg and Mr. Borenstein attest that $225/hour and the time expended by Mr. Lico was reasonable, especially in light of Plaintiff's unnecessary multiplication of the proceedings by asserting meritless claims, actual damages and Ms. Key as a named defendant. Attahced hereto as **Exhibit C** and **Exhibit D**. The affidavits of Mr. Greenberg and Mr. Borenstein state the rate charged by Mr. Lico is reasonable for an attorney with thirteen (13) years experience and vast trial experience.

Numerous recent FDCPA cases have also approved rates of at least $300.00 per hour for experienced attorneys who were experts in the field of consumer protection law. See e.g., Dowling v. Litton Loan Servicing, LP, 320 Fed. Appx. 442 (6th Cir. 2009) ($300 hourly rate fell within range of reasonableness for litigators of counsel's skill level and experience in that community); Larsen v. JBC Legal Group, P.C., 588 F. Supp 2d 360 (E.D. N.Y. 2008) as amended, (Dec. 18, 2008) (hourly rate of $300 was reasonable where attorney had practiced law for 17 years, focused on consumer law for 7 years, and had significant experience in consumer protection litigation); Cope v. Duggins, 203 F. Supp. 2d 650 (E.D. La. 2002) (the reasonable hourly rate for attorneys fees under the FDCPA is the prevailing market rate for attorneys of comparable experience in cases of similar complexity).

## V.   CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court enter an Order awarding Defendant, and its counsel, attorneys' fees in the amount if $29,647.12.

Dated: April 25, 2011.

                        Respectfully submitted,

                        ADAM L. PLOTKIN, P.C.

                        s/ Joseph J. Lico

By:   _____

                        **Adam L. Plotkin**
                        **Joseph J. Lico**
                        621 Seventeenth Street, Suite 1800
                        Denver, Colorado 80293
                        Telephone: (303) 296-3566
                        FAX: (303) 296-3544
                        E-mail: jlico@alp-pc.com
                        Attorneys for Defendant

### Certificate of Service

I hereby certify that on April 25, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    larsonlawoffice@gmail.com

                      By:   s/ Joseph J. Lico

                            **Joseph J. Lico**