**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 09-cv-00680-WDM-BNB

JOSHUA JACKSON,

     Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC., a California corporation,

     Defendant.

---

**RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

---

     COMES NOW the Plaintiff, by and through his counsel, David M. Larson, and hereby files this Response to Defendant's Motion for Attorneys Fees. In support of this Response, the Plaintiff states as follows:

     1.    The Court's Order (Court Docket Entry # 122) held that the Court would allow the Defendant to file a motion with appropriate information for recovery of attorneys' fees and other costs incurred after the entry of the pretrial order to defend against claims withdrawn and dismissed. The Court's Order cited Hamilton v. Boise Cascade Express, 519 F.3d 1197, 1512 (10th Cir. 2008) and stated: If sanctions are appropriate, the amount of sanction should be determined to compensate the party for the expenses incurred rather than to deter or punish the offender.

     2.    The Defendant's Motion does not comply with the Court's Order as it does not provide appropriate information for recovery of attorneys' fees and

other costs incurred after the entry of the pretrial order to **defend against claims withdrawn and dismissed** and should be denied.

3.      The Defendant's Motion provides no evidence of the attorney fees actually incurred by the Defendant, does not provide any billing statements it sent to its client or any evidence of payments from its client in response to specific billing statements that it seeks to recover on behalf of the Defendant.

4.      In the motion the Defendant's counsel represents to the Court that his client is paying him on an hourly basis. Defendant's counsel does not give any evidence to the Court of what the Defendant actually paid on an hourly basis and to defend this case for the time frame allowed in the Court's Order. Defendant's counsel does not indicate if the Defendant has actually paid any of the attorney fees sought from Plaintiff's counsel in this case or if the hourly attorney fee rate sought from Plaintiff's counsel is the hourly rate actually paid by the Defendant.

5.      It is the industry standard for attorneys doing hourly insurance defense work such as the work done by the Defendant's counsel in this case to be actually paid by their client at a reduced hourly rate compared to the billable hourly rate. It is also the industry standard for attorneys doing hourly insurance defense work to not be compensated for some of the work that they do as their fees are routinely audited by either their client or an outside firm employed by the client to reduce their fees down to a reasonable amount. It is not uncommon for attorneys doing hourly insurance defense work such as the work done by the Defendant's counsel in this case to not be paid at all by their client for all the trial

preparation time and trial time when they lose a trial for a client. It is not uncommon for clients of hourly insurance defense work such as the Defendant to inform their counsel that they will not be paying the attorney fees and costs to their counsel for trial preparation and trial because they lost the trial.

6.      Defendant's counsel has not provided any evidence of the actual attorney fees and costs incurred by the Defendant for the time frame allowed by the Court and instead relies on self serving Affidavits. Reviewing the Affidavits provided with Defendant's Motion does not allow the Court or Plaintiff's counsel to determine what Attorney Fees and costs sought by the Defendant were actually incurred by the Defendant for the timeframe allowed by the Court per Hamilton v. Boise Cascade Express, 519 F.3d 1197, 1202 (10th Cir. 2008).

7.      To avoid the Defendant profiting from Plaintiff's counsel regarding attorney fees it actually paid and the attorney fees it is seeking via its Motion, Plaintiff's counsel should have had the opportunity to review the actual attorney fees and costs incurred and paid by the Defendant and they should have been attached to the Defendant's Motion to allow the Court to determine the actual attorney fees and costs that were incurred and paid by the Defendant for the timeframe allowed by the Court.

8.      Defendant's counsel's hourly rate for the purposes of sanctions in this Motion should have started with what was actually paid by the Defendant to Defendant's counsel and then the reasonableness of that rate could have been compared with the prevailing market rates in the relevant community to determine if it is a reasonable rate. The cases cited by the Defendant regarding

the lodestar amount of attorney's fees do not apply in this case as they instead apply to how the Court would determine a reasonable attorney fee to a successful Plaintiff in a fee shifting case. The public policy considerations and legislative intent behind awarding reasonable attorney fees to a successful Plaintiff under a fee shifting statute is that Plaintiffs can attract competent counsel to enforce the statute as Congress intended which would not occur absent the Court awarding reasonable attorney fees and is not a consideration for corporate defendants hiring hourly defense counsel pursuant to an insurance contract as in the instant motion.

9.     The instant motion is about determining what attorney fees the Defendant incurred for purposes of sanctions.  "In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount." Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir. 1974) "the **award** of **attorneys' fees** is compensatory and it would be per se unreasonable to have the client receive in **attorneys' fees** more than he has **paid**." Exhibitors Service, Inc. v. American Multi-Cinema, Inc., 583 F.Supp. 1186, 1191 – referring to fees sought by counsel when counsel had a fixed fee agreement with the client for which it was seeking fees through the Court.

10.     The Defendant's Motion cites the factors for the Court to look at the reasonableness of the hours claimed by looking at the factors laid out in Ramos v. Lamm, 713 F.2d 546, 553-554 (10th Cir. 1983) and Malloy v. Monahan, 73 F.3d 1012, 1017-1018 (10th Cir. 1996) however the Defendant

does not provide any evidence that the hours that it is seeking from Plaintiff's counsel meet those factors. The Defendant provides no evidence that the hours that it billed would be properly billed to a client using "good billing judgment", nor do the Defendant's billing information provided in the motion specify time allocated to specific tasks. The Defendant's billing information does reflect a duplication of efforts as three attorneys worked on this case for the timeframe allowed by the Court and it was tried by two attorneys.

11.     The Defendant's billing information does not provide any evidence as to attorney fees and costs incurred after the entry of the pretrial order to defend against claims withdrawn and dismissed.  Instead of providing the billing the Defendant incurred after the entry of the pretrial order to defend against claims withdrawn and dismissed the Defendant includes all billing for Attorney Joseph J. Lico on this case from March 23, 2010 through May 13, 2010 and the drafting of the instant motion on June 4, 2010 and in the motion states (without any basis or authority) that it is seeking 50% of its total fees claimed for actual damages, 25% of its total fees claimed for defending Ms. Key as an individual defendant and 80% of the remaining 25% or 20% for defending the other portions of the Plaintiff's FDCPA claim that the jury did not specifically find that the Defendant violated. The Defendant's billing information does not substantiate this claim for 95% of all fees incurred by the Defendant and nothing in the record substantiates this claim.

12.     Defendant provides nothing to substantiate its assertion that it is entitled to 95% of all fees for the time period calculation for sanctions and when

compared to Defendant's own billing information supplied to the Court with its motion the argument completely fails. For example the billing information charges for time for trial, preparing witnesses as well as discussing the case with other attorneys and the client on 5/10/10, 5/11/10, 5/12/10, 5/13/10 and preparing the instant motion on 6/4/10 but actual damages were waived by the Plaintiff prior to trial and Ms. Key was dismissed by agreement of the parties prior to trial so even by the Defendant's own 80% calculation (50% actual, 25% Ms. Key and 5% for Plaintiff's successful FDCPA claim) the entries on those days totaling $7,875.00 would have to be reduced to $1,575.00. As to the remaining 20% in attorney fees sought by the Defendant for this time frame, no explanation is given as to how the Defendant could proceed on the portions of the Plaintiff's FDCPA claim that were unsuccessful that would not have been required on the portions of the Plaintiff's FDCPA claim that were successful.

13.     Defendant's billing information is replete with references to conferences between Mr. Lico and other attorneys in his firm discussing this case. It is not reasonable for Plaintiff's counsel to be held liable for these fees as the Court held in its Order that this case "does not need the involvement of two attorneys, particularly where one is retained after discovery and almost all pretrial matters have been completed. No indication is given that the late arriving co-counsel in any way varied the course of the case or performed duties that a single counsel would have been able to accomplish. Accordingly, no award will be made for that co-counsel" to deny Plaintiff's counsel Richard Wynkoop's fees. The Court's Order regarding the number of Plaintiff's attorneys and their ability to

recover fees should also be applicable to the Defendant. Joseph J. Lico, Esq. entered his appearance in this case on 4/5/2010 over two months after Richard Wynkoop, Esq. entered his appearance on 1/22/2010. Defendant's counsel Steven J. Wienczkowski entered his appearance for the Defendant on 11/4/2009. Mr. Lico entered his appearance after almost all pretrial matters had been completed and no indication has been given that the late arriving co-counsel in any way varied the course of the case or performed duties that a single counsel would have been able to accomplish - in fact the jury found that the Defendant violated the FDCPA. No explanation has been made of how all the conferences between the three attorneys at Mr. Lico's firm somehow enhanced the Defendant's case and if so how that time would be properly billed to the Defendant.

14.     None of the entries on the Defendant's billing information specify work done solely on claims that were dismissed or withdrawn. Defendant also makes no attempt in its Motion to clarify which specific entries dealt with claims that were dismissed or withdrawn. Defendant has made no attempt to comply with the Court's Order regarding the instant motion instead coming up with its 95% of all fees incurred number without any basis in fact or law.

15.     Defendant's entry on 3/23/11 should be struck in its entirety as it basically includes getting up to speed on the case which was previously handled by another attorney which is not properly chargeable to Plaintiff's counsel. Duplicative work is not recoverable. Twin City Sportservice v. Charles O. Finley & Co., 676 F.2d 1291, 1313 (9th Cir. 1982).

16.     None of the Defendant's entries on 3/24/10, 4/1/10, 4/2/10, 4/5/10, 4/6/10, 4/16/10, 4/21/10, 4/22/10, 4/23/10, 4/24/10, 4/26/10 and 4/27/10 refer to work done on specific claims that were dismissed or withdrawn and instead refer to work that was necessary for trial on both portions of the Plaintiff's FDCPA claim, the successful portion of the claim and the unsuccessful portion and they should not be charged to Plaintiff's counsel.

17.     The Defendant's entries on 4/19/10, 4/20/10 and 4/21/10 that deal with the trial brief in this case should be viewed with caution by the Court as the Defendant's counsel's law firm filed a very similar brief with most if not all of the same caselaw and arguments presented with this Court in <u>Olivea Marx v. General Revenue Corporation and Kevin Cobb</u>, 08-cv-02243-RPM-CBS on 3/31/10, Court Docket Entry # 60 about three weeks before the very similar trial brief was filed in this case. It seems unfathomable that Defendant's counsel could spend approximately 14 hours to change out the limited case specific information in the motion for filing with the Court in this case and as a result of Defendant's reaching to receive approximately 14 hours of time for this simple task it should receive no fees at all for this task.

18.     None of the Defendant's entries on 4/28/10, 4/29/10, 4/30/10, 5/3/10, 5/4/10, 5/5/10, 5/6/10, 5/7/10, 5/8/10, 5/9/10, 5/10/10, 5/11/10, 5/12/10 and 5/13/10 refer to work done on specific claims that were dismissed or withdrawn instead they refer to work that was necessary for trial on both portions of the Plaintiff's FDCPA claim, the successful portion of the claim and the unsuccessful portion and they should not be charged to Plaintiff's counsel.

19.     The Defendant has not followed the Court's Order in this case to file a motion with appropriate information for recovery of attorneys' fees and other costs incurred after entry of the pretrial order to defend against claims withdrawn or dismissed and as a result the Defendant's Motion should be denied as the Defendant has not shown the Court and Plaintiff's counsel the attorney fees and costs that it incurred against claims withdrawn or dismissed and as a result the Defendant has not provided the Court with the proper information to determine the appropriate amount to compensate the Defendant for attorney fees and costs incurred on claims dismissed or withdrawn rather than to deter or punish Plaintiff's counsel for 95% of all of the Defendant's attorney fees incurred between 3/23/10 and 5/13/10 without any basis in fact or law for this calculation.

20.     The Defendant's Motion seeks attorney fees of $29,647.12 for the time period of 3/23/10 to 5/13/10 and 6/4/10. Undersigned Plaintiff's counsel sought $11,975.00 for the time period of 3/20/10 to 5/11/10 at a $25.00 per hour higher hourly rate. Undersigned Plaintiff's counsel in his motion sought a total amount of $33,275.00 for his attorney fees from the inception of the case in March 2009 through completion of the trial including depositions in San Angelo, Texas and Livermore, California, two separate depositions of the Plaintiff and depositions of 4 of the Plaintiff's witnesses. The amount of attorney fees that the Defendant is seeking from the Plaintiff's counsel is unreasonable in light of the fact that it is seeking almost 2.5 times the amount of attorney fees that the undersigned counsel for the Plaintiff is seeking for the same time frame and seeks to deter and punish Plaintiff's counsel instead of compensating the

Defendant for attorney fees incurred by the Defendant specifically for claims withdrawn and dismissed in accordance with the Court in <u>Hamilton v. Boise Cascade Express</u>, 519 F.3d 1197, 1202 (10th Cir. 2008).

21.    The Defendant has not shown that the hours claimed were reasonable nor has it shown to the Court that the hourly rate that it is seeking is reasonable in light of the fact that it has not shown what it was paid hourly by the Defendant in this case and what hours were actually paid by the Defendant to its counsel.

WHEREFORE for the reasons stated above the Plaintiff requests that the Court deny the Defendant's Motion for Attorneys' Fees.

RESPECTFULLY submitted this 9th day of May, 2011.

_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue Ste 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2011, I filed the foregoing Response to Defendant's Motion for Attorneys' Fees with the Clerk of the Court's CM-ECF System which will send notice of this filing to the following email addresses:

jlico@alp-pc.com,
swienczkowski@alp-pc.com,
rickwynkoop@yahoo.com

____s/ David M. Larson_____