**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 09-cv-00680-WDM-BNB

JOSHUA JACKSON,

    Plaintiff,

v.

DIVERSIFIED COLLECTION SERVICES, INC., a California corporation,

    Defendant.

---

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

---

    COMES NOW the Plaintiff, by and through his counsel, David M. Larson, and hereby files this Reply to the Defendant's Response to the Plaintiff's Motion for Attorneys Fees. In support of this Reply, the Plaintiff states as follows:

    1.    The Defendant refused to do an Offer of Judgment in this case and specifically refused to tender a Fed.R.Civ.P. 68 Offer of Judgment in this case when requested to do so early on in the case by Plaintiff's counsel.

    2.    Contrary to current Defendant's counsel's assertion as he was not at the settlement conference the Defendant did not offer $2,000.00 until 6/5/09 when Plaintiff's attorney fees were $2,775.00 and his costs were $75.00 and did not offer $3,000.00 to settle this case until after depositions were completed and Plaintiff's costs exceed $3,000.00.

    3.    Plaintiff's counsel successfully brought an action against the Defendant and after two days of evidence the jury found that the Defendant

violated the FDCPA and pursuant to the FDCPA the Plaintiff seeks a reasonable attorney's fee to be awarded by the Court.

4. Defendant's counsel incorrectly states in its response that Plaintiff conceded that he had no actual damages on the morning of trial. This is incorrect and never took place. As the Court is aware the Plaintiff agreed to waive his actual damage claim, there was never any discussion by Plaintiff that he never had actual damages. The Defendant never offered to pay statutory damages plus reasonable attorney fees and costs in this case and even when Plaintiff waived his actual damage claim on the day of trial the Defendant proceeded to trial instead of simply stipulating to statutory damages and allowing the Court to determine reasonable attorney fees and costs at that time before doing a trial for two days over statutory damages, attorney fees and costs.

5. Contrary to Defendant's counsel's assertion to the Court - this was not Plaintiff's counsel's first trial. It was Plaintiff's counsel's first trial in Federal Court but it appears that it was also Mr. Lico's first trial in Federal Court. Plaintiff's counsel did not bring up his previous trial experience in the Colorado State Court system as they are not relevant to Federal jury trials in an FDCPA case as in the instant action.

6. The Defendant challenges the hourly rate of the undersigned counsel despite the fact that this rate has been previously approved for Mr. Larson by three other District Judges of this Court and three Magistrate Judges of this Court. The Defendant wants this Court to hold that the opinions of the other Judges of this Court are not correct, are not authoritative on this issue and

that Mr. Larson's hourly rate should not be $250.00 per hour. The Defendant provides no basis or authority for its argument that $250.00 is not a reasonable rate for Mr. Larson and does not provide any Affidavits as to what the Defendant feels a reasonable rate should be and thus the Defendant's argument should be rejected by this Court.

7.      In Defendant's own Motion for Attorneys' Fees in this case counsel for the Defendant states: "Numerous recent FDCPA cases have also approved rates of at least $300.00 per hour for experienced attorneys who were experts in the field of consumer protection law." and cites Dowling v. Litton Loan Servicing, LP, 320 Fed. Appx. 442 (6th Cir. 2009), Larsen v. JBC Legal Group, P.C., 588 F.Supp. 2d 360 (E.D.NY 2008) and Cope v. Duggins, 203 F.Supp. 2d 650 (E.D. LA. 2002). The Defendant then attempts to argue to the Court in its response to the instant Motion that $250.00 per hour is not a reasonable rate for Mr. Larson who is nationally recognized as a Expert on the FDCPA and teaches at national CLE's for FDCPA Plaintiff's attorneys. The Defendant's argument against Mr. Larson's hourly rate of $250.00 per hour should be rejected by this Court.

8.      The Defendant complains that this simple trial would not necessitate 133.1 hours to take depositions in three states and go from the beginning of the case to trial over a year later yet in Defendant's Motion for Attorney Fees the Defendant seeks attorney fees of $29,647.12 for the time period of 3/23/10 to 5/13/10 and 6/4/10 a total of 138.70 hours. Undersigned Plaintiff's counsel sought $11,975.00 for the time period of 3/20/10 to 5/11/10 at a $25.00 per hour higher hourly rate. Undersigned Plaintiff's counsel in his

motion sought a total amount of $33,275.00 for his attorney fees from the inception of the case in March 2009 through completion of the trial including depositions in San Angelo, Texas and Livermore, California, two separate depositions of the Plaintiff and depositions of 4 of the Plaintiff's witnesses. It is ironic that the Defendant complains that it is "difficult to believe" that this case could take 133.1 hours for the whole case yet the Defendant in its Motion for Attorney Fees in this case claims to have incurred 138.70 hours in under two months.

9.  In this Fair Debt Collection Practices Act case, which contains a fee shifting provision authorizing Plaintiff to recover a reasonable attorney fees [15 U.S.C. § 1692k(a)(3)], this Court applies a lodestar analysis in accordance with <u>Hensley v. Eckerhart</u>, 641 U.S. 424, 103 S.Ct. 1933 (1983) "and relevant Tenth Circuit precedent applying <u>Hensley</u>." <u>Anchondo v. Anderson, Crenshaw & Associates, LLC</u>, 616 F.3d 1098, 1102 (10th Cir. 2010).

10.  The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. <u>Johnson v. Riddle</u>, 305 F.3d 1107 (10th Cir. 2002).

11.  Instead of responding to each of the Defendant's arguments regarding the Plaintiff's attorney fees and arguing specific results reached by certain courts limiting attorney fees and contrasting them with cases that this Court is aware of that have not reduced attorney fees and going through the reasons why the Plaintiff disagrees with the Defendant's arguments and the cases cited by the Defendant counsel for the Plaintiff is reminded of the position

of the United States Supreme Court in <u>Hensley v. Eckerhart</u>, 641 U.S. at 433 that "it remains for the district court to determine what fee is 'reasonable'."

12. As such the Plaintiff requests that this Court determine a lodestar analysis in this case by applying the reasonable hourly rate of Attorney David Larson of $250.00 per hour by the number of hours reasonably expended in this litigation to arrive at the lodestar amount and enter an Order awarding the Plaintiff's attorney fees in the lodestar amount determined by the Court.

WHEREFORE for the reasons stated above the Plaintiff requests that the Court grant the Plaintiff's Motion for Attorneys' Fees and enter an Order awarding Plaintiff's attorney fees in the lodestar amount determined by the Court.

RESPECTFULLY submitted this 9th day of May, 2011.

    _s/ David M. Larson_____
    David M. Larson, Esq.
    405 S. Cascade Avenue Ste 305
    Colorado Springs, CO 80903
    (719) 473-0006
    Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2011, I filed the foregoing Reply to the Defendant's Response to the Plaintiff's Motion for Attorneys' Fees with the Clerk of the Court's CM-ECF System which will send notice of this filing to the following email addresses:

jlico@alp-pc.com,
swienczkowski@alp-pc.com,
rickwynkoop@yahoo.com

    ____s/ David M. Larson_____