IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Case No. 09-cv-00680-WDM-BNB

JOSHUA JACKSON,

       Plaintiff,

  v.

DIVERSIFIED COLLECTION SERVICES, INC.,

       Defendant.

_____

**ORDER**
_____

      This matter is before me on Defendant's Motion for Attorney Fees (ECF No. 124) and further argument on Plaintiff's Motion for Attorney Fees (ECF No. 112), both of which were filed in response to my March 31, 2011 order (ECF No. 122) which granted in part Plaintiff's motion and granted in part Defendant's previous Motion for an Order Finding that Certain of Plaintiff's Claims were Filed in Bad Faith and for the Purpose of Harassment (ECF No. 113).  This order finalizes my ruliings on the claim of each party against the other for attorney fees and costs.

Plaintiff's Claim for Attorney Fees

      Plaintiff's motion originally sought $41,610 in attorney fees, representing $33,275 charged by Mr. Larson and $8,325 charged by Mr. Wynkoop.  Following my March 31, 2011 order, only Mr. Larson's fees remain at issue.  The claimed amount of $33,275

reflects 133.1 hours charged at a $250 rate.  Plaintiff's independent expert, Michael Kleinan, opined the rate and fees charged were reasonable in the Denver market.  (ECF No. 112-2).  I note that Defendant claimed that the rate of $225 per hour is reasonable and I do conclude that a rate of $225 to $250 per hour for attorneys experienced in this type of litigation is a reasonable rate in the Denver community.

Defendant makes conclusory allegations about the number of hours but provides no independent expert evidence to challenge Plaintiff's expert as to the particular items.  Defendant also does not address with any particularity the time actually spent defending the parties and claims dismissed.  Apparently Defendant seeks to have me pour over the numbers without any evidentiary assistance.  I decline to do so.  As the United States Supreme Court recently noted, "trial courts need not, and indeed should not, become green-eyeshade accountants."  *Fox v. Vice*, ___ S.Ct. ____ 2011 WL 2175211 at *8 (U.S. 2011).   Rather than relying simply on the principle that a nominal damage award can mean "no fee at all" *Farrar v. Hobby*, 506 U.S. 103, 115 (1992), I significantly reduce the fee claim by approximately 80% to $6,500 to reflect that Plaintiff was only successful on approximately one-fourth of his claims, but also to reflect the fact that Plaintiff's unnecessary multiplication of claims burdened the Defendant and this court to justify the imposition of the sanction provided under § 1927..  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197 (10th Cir. 1986).

Defendant's Attorney Fee Claim

Defendant seeks to recover $29,647.12 in fees based upon a wholly fabricated theory of relying on recovery of the fees charged by one of apparently several attorneys

who worked on this case, albeit limited to time spent after the pretrial conference. Defendant does provide affidavits of experienced litigators that the hours and rates are reasonable without any effort to address whether those hours relate in any way to the claims that were withdrawn and dismissed.  *See* ECF Nos. 124-3 & 4.  That and other information or conclusory arguments wholly fail to respond to the specific guidelines I provided in my March 31, 2011 order, namely that the motion would provide "appropriate information for recovery of attorney's fees and costs incurred after the entry of the pretrial order to defend against the claims withdrawn and dismissed." ECF No. 122 at p. 12.  Apparently Defendant wants to deposit miscellaneous information upon my desk and let me somehow root out a fair amount of compensation to which it's entitled.  I will not do so.  As noted by the then Seventh Circuit, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 957 (7th Cir. 1991).  Being entitled to fees does not mean there will be an award without evidence.

It is therefore ordered:

1.  Plaintiff's Motion for Attorney Fees (ECF No. 112) is granted in part to award attorney fees of $6,500 and is otherwise denied.

    2. Defendant's Motion for Attorney Fees (ECF No. 124) is denied.

DATED at Denver, Colorado, on August 1, 2011

BY THE COURT:

s/ Walker D. Miller  
United States Senior District Judge
